The plaintiff brings this action against the defendant to recover damages for the destruction of his wagon under the following circumstances:
Plaintiff had his wagon at the warehouse of defendant in Goldsboro, to receive freight. The warehouse is 300 feet long, having a platform on each side its entire length; the track on which the cars stand for the receipt and delivery of freight is near to and parallel with the *Page 356 
platform. The warehouse has a number of doors on each side, and there are several tracks on each side parallel with each other, used for loading and unloading defendant's cars.
The plaintiff drove his wagon alongside of a flat car which was on the track nearest the platform of the East side of the warehouse; that the second track from the warehouse on that side, being that next to the one on which the flat car stood, is what is called the main track, or that over which the mail and passenger trains pass. Plaintiff thought there was sufficient room between his wagon and the passenger track, for trains passing over the latter, to clear his wagon, which was from six to twelve inches from the latter track; he, the plaintiff, knew that trains were frequently running over the track, and he took his horse from the wagon, fearing that he might become frightened and run. While the wagon was on the track nearest the platform, the mail train came up from the South, the engineer's position being on the right side of (438) the cab; the engineer saw the wagon, changed his place in order to "sight the track," and doubting whether the engine would clear the wagon, immediately blew his whistle for applying the brakes, and stopped his train as soon as he could, and just as it came in contact with plaintiff's wagon. The engineer thinks that six inches more space would have cleared it.
The defendant does not deliver freight at any specially designated place about the warehouse, but consignees come in, pay freight and receive their goods from any place they select. Draymen about town were in the habit of taking their drays to this side of the warehouse, taking their loads from the platform, or, when flat cars were standing on the track nearest the platform, of receiving their goods over the flat cars, and when a train passed along over the passenger or main track, such draymen would drive off, returning as soon as the train passed.
The plaintiff placed his wagon in this place because it was the nearest point to his goods, and because he would have to have carried them a great distance had he stopped at either end of the flat cars; the agent of defendant, keeper of warehouse, saw plaintiff when he drove up, saw him leave his wagon, and saw it after he had unhitched his horse, and before the train came up. The train had stopped at the passenger depot, about 400 yards South of the warehouse, and that signals were duly given on starting the train, which could be heard by any person about the warehouse; and that the train itself could be easily seen by any one engaged about there.
The engineer stated that he could have stopped the train sooner than he did, if the coaches had been supplied with other kind of brakes; *Page 357 
that the brakes then on the coaches were those universally used in this region, but there are brakes of greater power to stop trains than these.
There was a verdict for the plaintiff, subject to the opinion of his Honor, on the facts as stated; and he being of opinion, that the plaintiff was not entitled to recover, gave judgment against him for the costs. From which judgment, plaintiff appealed.
The plaintiff alleges that he has been endamaged by the negligence of the defendant. We think that his losses are the result of his own carelessness, and if any one has a right to complain, it is the defendant.
The plaintiff inspected the ground and placed his wagon so near the main track of the defendant's road as to prevent the train from passing without striking the wagon, and his excuse for doing so, is that "he thought there was room for trains to pass without striking his wagon." Why then blame the company if its agent, the engineer, thought the same thing?
But it seems that the engineer formed a more correct idea of the space at a distance, than the plaintiff did upon the spot, and immediately blew his whistle for the application of the brakes, and stopped his train as soon as he could. The brakes were such "as are generally and universally used in this region of country."
The case discloses no negligence on the part of the defendant, but great want of care on the part of the plaintiff.
It is more appropriate to say that the plaintiff has been the real and only cause of the mischief, than to say that he has contributed to it. He may congratulate himself that there is no complaint before the Courts of injury to the property of defendant, or to the persons of those travelling upon its road.
The judgment of the Superior Court is affirmed.
PER CURIAM. Judgment affirmed.
Manly v. R. R., 74 N.C. 658. *Page 358