JAMES MANLY v. THE WILMINGTON & WELDON RAILROAD
COMPANY.

The general rule as to contributory negligence is, that when the injury
arises neither from malice, design, nor wanton and gross neglect, but
simply the neglect of ordinary care, and the parties are mutually in
fault, the negligence of both being the immediate and proximate
cause of the injury, a recovery is denied, upon the ground that the
injured party must be taken to have brought the injury upon himself.

This general rule however, is subject to certain qualifications.   For in-
stance:

(1.) The injured party, although in fault to some extent, at the same
time may be entitled to damages for an injury which could not have
been avoided by ordinary care on his part.

(2.) When the negligence of the defendant is the proximate cause of
the injury, but that of the plaintiff only remote, consisting of some
act or omission not occurring at the time of the injury; in such cases
an action for damages may be maintained.

(*Herring* v. *Wilmington & Raleigh Railroad Company*, 10 Ired. 402; *Mor-
rison* v. *Cornelius*, 64 N. C. Rep. 346, and *Murphy* v. *Wilmington &
Weldon Railroad Company*, 70 N. C. Rep. 437, cited and approved.)

CIVIL ACTION, for damages, tried before *Moore, J.*, at De-
cember (Special) Term, 1875, of HALIFAX Superior Court.

The following are the facts agreed, and sent to this court
as a part of the record, upon appeal.

On the — day of June, 1875, the defendant's regular train
being somewhat behind time, was at about half-past three
o'clock, P. M., running over the defendant's railroad at the
speed of twenty-five miles per hour, the schedule speed being
fixed at twenty-two and one-half miles per hour, according to
circumstances, and the usual speed being twenty-two and one-
half miles per hour.

As the train was approaching its terminus, at Weldon, at a
point about one mile south of that town, where there is a
down grade, and where the track is straight for nearly two
miles, it ran over and killed a colored girl, the child of the

plaintiff, then about ten years old, who, together with her sister, some fifteen years old, was on the track asleep.

This action is instituted by the plaintiff to recover of the defendant damages for the killing.

On the trial the plaintiff introduced the eldest sister as a witness, who stated, that she and her youngest sister had gone to a neighbor's house in order to get clothes to be washed. The evening was very hot, and when they reached the railroad on their return, being wearied with the burden, both sat down on the track to rest, and the oldest sister to pull off her shoes, which hurt her feet. They soon fell asleep. She was soon aroused by the blowing of the whistle of the engine, and, springing up, jumped from the track.

The engineer who was in charge of the train at the time of the accident stated: That the day was very hot, the sun shining very brightly upon the track, and his vision was impaired by the glimmer of the track. He did not discover any object upon the track until within two hundred feet of the girls. At first he supposed the objects were small hogs, and blew his whistle. That so soon as he discovered the objects to be human beings, he reversed his engine, threw the whole force of the steam upon the wheels and blew the whistle rapidly, but could not stop the engine until it had run over one of the girls, and passed about one hundred yards beyond. That when he first blew the whistle, one of the girls sprang up, endeavored to drag the other off, but was unable to do so, and escaped from the track.

He further stated that on such a grade and at the speed of twenty-five miles an hour, the engine could not have been stopped under two hundred and fifty yards, but at the speed of twenty-two and a half miles it might have been stopped at about two hundred yards.

The engineer was proved to be ordinarily skillful.

The conductor testified that the brakes were applied so soon

as the whistle blew. He saw the brake applied at the end of the car where he then was.

The witnesses differed as to the distance at which the girls might have been seen by the engineer, he looking out for them, some stating it to be a half a mile, and others four hundred feet. There was also a conflict of evidence as to the distance from the girls when the whistle was blown.

The following are the issues which were submitted to the jury, and the several responses thereto:

1. How far could objects of the description shown in the evidence, be seen by an engineer at the time the child was killed?

Answer: Two hundred yards.

2. How far was the train from the children when the whistle was blown?

Answer: One hundred and fifty yards.

3. What damage did the plaintiff sustain by reason of the killing of the child?

Answer: Three hundred dollars.

The defendant requested his Honor to submit the following issue to the jury: "Could the child have escaped from the track after the whistle blew, had she been awake?"

His Honor remarked that this was admitted, and did not submit the issue.

It is admitted that the people are in the habit of walking on the track going to and from Weldon, and that this was known to the engineer.

Upon the evidence and the finding of the jury, the court ruled that there was negligence on the part of the defendant; and rendered judgment for the plaintiff for three hundred dollars.

From this judgment the defendant appealed.

*Moore & Gatling*, for the appellant.
*Day* and *Batchelor & Son*, contra.

BYNUM, J.   When the facts are found or admitted, what is negligence, is well settled in this State, to be a question of law for the court, whatever diversities of decision may prevail in some of the other States.   The facts here are fully set forth in the case stated, and they are so strikingly like those in the case of *Herring* v. *Wil. & Ral. R. R. Co*, 10 Ired. 402, that it is sufficient to refer to that case, for a full discussion of the principles involved in this.   The doctrine of contributory negligence, as affecting the right of the plaintiff to recover, as understood and enforced by the law of this State, is further well illustrated in the cases of *Morrison* v. *Cornelius*, 63 N. C. Rep., 346, and *Murphy* v. *Wil. & Weld. R. R. Co*., 70 N. C. Rep., 437.

In looking abroad at the decisions of our sister States, it is impossible to find any principle in them, by which this action can be maintained.   Take, for instance, a case from Massachusetts, where one extreme of the doctrine of contributory negligence is held; and another from Illinois, where the other extreme is held.   In *Murphy* v. *Deane*, 101 Mass., 455, it is decided, that whenever there is negligence on the part of the plaintiff, contributing directly, or as a proximate cause to the occurrence from which the injury arises, such negligence will prevent the plaintiff from recovery; and the burden is always upon the plaintiff to establish, either that he himself was in the exercise of due care, or that the injury was in no degree attributable to want of proper care on his part.   It is not necessary to give an unqualified assent to this decision, as it seems to leave out of view all gross and wanton negligence on the part of the defendant, which would be evidence of willful injury, and enable the plaintiff to maintain the action, although in fault himself.   It is not alleged that the negligence of the defendant, in our case, was either gross or wanton, and therefore *Murphy* v. *Deane*, is an express authority against the plaintiff, who does not deny a want of due care, on the part of the two children.

The *Chicago & Alton R. R. Co.* v. *Pondron*, 51 Ill. 333, affords an instance of the other extreme of the doctrine of contributory negligence. There the rule was declared to be, that when the negligence of the plaintiff is slight as compared with that of the defendant, a recovery may nevertheless be had. According to this case, the plaintiff here cannot recover, because, admitting for the argument, that the defendant was negligent, the case clearly shows that the negligence of the girl equalled and excelled that of the defendant. In Ohio, the rule of law in cases of mutual negligence is, that when there is negligence on the part of the plaintiff, he is not entitled to recover, where he might, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence. *Timmons* v. *Central R. R. Co.*, 6 Ohio Lt. 105. By this rule the plaintiff cannot recover, for, with ordinary care on the part of the girls, the accident would not have happened. Even had the place of the accident been a public crossing, to use their faculties for the purpose of discovering and avoiding danger from an approaching train, and the failure to do so, will defeat a recovery. *Clev., Col. & Cin. R. R Co.* v. *Crawford*, 24 Ohio Lt. 631. Much more is it negligence, as will defeat an action, when the girls do not cross the road, as they might safely have done, but get upon the road, remain upon it, lie down upon the track and go to sleep, and that too, about the regular time for the train to pass the spot.

The general rule as to contributory negligence, most approved by the decisions and most agreeable to reason and justice, is that when the injury arises neither from malice, design, nor wanton and gross neglect, but simply the neglect of ordinary care, and the parties are mutually in fault, the negligence of both being the immediate and proximate cause of the injury, a recovery is denied upon the ground that the injured party must be taken to have brought the injury upon himself. For the parties being mutually in fault, there can be no apportionment of damages, no rule existing to settle

in such cases, what one shall pay more than another. But this general rule is subject to qualifications. It is necessary to notice two only, which are those most favorable to the plaintiff.

1. The injured party, although in fault to some extent, at the same time may notwithstanding this, be entitled to damages for an injury, which could not have been avoided by ordinary care on his part.

2. When the negligence of the defendant is the proximate cause of the injury, but that of the plaintiff only remote, consisting of some act or omission not occurring at the time of the injury, the action for damages is maintainable. *Ker-whacker* v. *The Clev. Col. and Cin. R. R. Co.*, 3 Ohio 172, where the authorities in this country and England are collected and reviewed. For reasons already given, the plaintiff's action cannot be supported under either of these exceptions to the general rule, unless the tender years of the child killed, so modifies the rule of law in regard to the negligence of an adult, as to make that conduct which is highly culpable on the part of the man, not culpable at all, or slightly so, on the part of the child. It is true, the responsibility of the two classes is not the same. An infant of tender years is not held to the same degree of discretion, and the degree depends upon its age and knowledge. The caution required is according to the maturity and capacity of the child. *Railroad Company* v. *Gladmon*, 15 Wall. 401. In our case, the child killed was ten years old and her companion was of the age of fifteen, and seems to have had charge of the younger one, who was her sister. As the capacity of the two is not disclosed in the case, we are to assume that they were of ordinary intelligence and physical activity. The mind of one was near the period of maturity for females. The other, though younger and more immature, was yet of sufficient age and discretion, under the control of her sister, or even without it, to be subject to the laws of ordinary care and diligence. If

by the proposition of the counsel of the plaintiff, that "If there was negligence on the part of the children, it is not imputable to the parent who is the plaintiff," is meant that the plaintiff is entitled to recover, notwithstanding any degree of negligence on the part of the children, we cannot assent to the proposition. It has no foundation in reason, and would be disastrous to commercial life. Nor do we think the question, upon whom the burden of proof rests, becomes of any practical value here, because the evidence introduced by the plaintiff to establish a cause of action, discloses the defence, and is relied upon by the defendant as constituting the degree of negligence which defeats the action of the plaintiff. The conclusion reached upon this part of the case, is, that supposing the defendant was negligent, yet the greater negligence of the plaintiff,. exempts the defendant from liability.

But it remains to be seen, whether the defendant was negligent at all. The right of the railroad company to the free, exclusive and unmolested use of its track, is not questioned. The train was in the discharge of its daily labor, upon the private property of the company, running near upon time and at a lawful speed. It was a hot afternoon, on the 21st of June. The sun shone brightly, producing a glimmer from the iron rails on the track, which interfered with the vision of the engineer, who was of ordinary skill and at his post. At 150 feet distant the engineer sees two objects upon the track, which he supposed to be small hogs, and blew the whistle. That so soon as he discovered the objects to be human beings, he blew the whistle rapidly, reversed his engine, threw the whole force of the steam upon the wheels, but could not stop the engine until it had run over one of the girls who was lying asleep, the other having sprung up and escaped. The jury found, upon issues submitted, that the objects of the description shown in the evidence, *could* be seen by an engineer, at the time the child was killed, at the distance of two hundred yards, and that the whistle blew at the distance of

one hundred and fifty feet of the children. This finding is not inconsistent with the evidence of the engineer that he *did not* see them until within two hundred feet, by reason of the bright sunshine and the glimmer upon the track. But suppose he had seen the sleeping children at the earliest possible moment, to-wit, two hundred yards distant. He believed them to be small hogs. These animals are easily alarmed and of quick and nimble movement. Certainly it is not want of ordinary care, to blow the whistle for these at one hundred and fifty feet, instead of two hundred yards. From their nature, the nearer the whistle, the greater the alarm and the more rapid would be their flight. The engineer did not know, and was not bound to know, they were human beings. Their irrational conduct in lying still upon the track when the train was rapidly approaching at its usual time, repelled the idea that they were intelligent beings. As soon as a nearer approach enabled him to see that they were human beings, he seems to have made every possible effort to avert the disaster, but without success. We do not think the case discloses negligence on the part of the defendant.

The leading cases cited in the full and able briefs by the counsel of the parties, have been examined with care. The principles they establish, we think, are entirely consistent with those announced in this opinion.

There is error.

PER CURIAM. Judgment reversed, and *venire de novo.*