PINNIX v. CITY OF DURHAM.

(Filed June 17, 1902.)

1. NEGLIGENCE—*Contributory Negligence—Concurrent Negligence —Personal Injuries—Damages.*

In an action for personal injuries, the injury being caused by the concurrent negligence of the plaintiff and defendant, the person injured is not entitled to recover.

2. NEGLIGENCE—*Contributory Negligence—Proximate Cause.*

Where a city negligently fails, as required by ordinance, to keep a red light on a pile of brick on side of a street and a person negligently rides a bicycle against the obstruction, such negligence of the injured party is the proximate cause of his injury.

3. NUISANCES—*Cities and Towns—Negligence.*

It is not a nuisance for a city to pile brick along the side of a street for the purpose of repairing it if a reasonably wide passageway remains.

ACTION by A. W. Pinnix, by his next friend, Alexander Walker, against the City of Durham, heard by Judge *Walter H. Neal* and a jury, at January Term, 1902, of the Superior Court of DURHAM County. From a judgment for the defendant, the plaintiff appealed.

*Winston & Fuller,* for the plaintiff.
*Manning & Foushee,* and *Jones Fuller,* for the defendant.

FURCHES, C. J. On the 23d of November, 1900, about 9 o'clock at night, the plaintiff received an injury which, he alleges, was caused by the negligence of the defendant, and this action is brought to recover damages therefor. The evidence discloses the facts that the defendant was engaged in paving its sidewalks on one of the main streets of the city of Durham, and was using brick for that purpose. For that

purpose it had piled brick on the side of the street next to the sidewalk that was being paved.   One of these piles, and the one where the plaintiff was injured, was about four feet high and about five feet square.   This pile of brick had been piled there two or more months, but the work of paving the sidewalk had not been completed.   The street was lighted with electric lights, and one of these lights, an arc light, was within about 150 yards of the place where the injury occurred; and the evidence shows that it lighted the street for 150 yards, and the pile of brick could be "seen good for 15 feet," and the plaintiff testified that if he had seen the brick 8 or 10 feet before the collision he could have avoided it.

There is an ordinance of the city requiring a *red* light to be kept at night on material left in the streets, and there was no red light on this pile of brick that night.

The plaintiff was a young man 19 years old at the time of the injury, was reared in the city of Durham, and had lived there all his life, and his boarding-house was in 30 yards of this pile of brick, but he had only gone to that house to board that day; and he testified that he had never seen that pile of brick.   He was riding a bicycle at the time he received the injury, which was caused by his running into the pile of brick; he testified that he was looking and did not see the pile of brick.

The plaintiff, in his argument, contended that the defendant's leaving the brick in the street for so long a time was a nuisance, and the defendant could not defend himself against an injury caused by a nuisance.   However that may be, we do not think it was a nuisance for the defendant to pile bricks along the side of its streets for the purpose of repairing them; and the evidence is that the work of repairing had not been completed, and it was then at work paving the street a short distance from where the injury occurred.   But the defendant was guilty of negligence in not having a red light

on the pile of brick that night, and the jury so found.   They also found that the plaintiff was guilty of contributory negligence.   This street was 40 feet wide between the curbstones, which leaves 30 or 35 feet of clear street outside of the pile of brick.

The arguments in the case were able and elaborate, with a citation of many authorities; and the range of the arguments was broad, covering many phases of the case that we do not think it necessary to discuss.

The defendant is found guilty of negligence because it did not have a *red* light on the pile of bricks that night.   Upon an examination of the case, we see no other ground of negligence that the defendant had been guilty of.   This was negligence, and, as we have said, the jury so found.   But was this negligence the proximate cause of the plaintiff's injury?   Suppose the city ordinance had required a *red* light to be kept on this pile of brick in the day time, and the defendant had not kept it there, and the plaintiff carelessly ran his bicycle into the pile of brick and was injured.   The defendant might have been negligent in not having the red light on the brick, but would anyone say that was the cause of the plaintiff's injury?   Then take this case: A pile of brick four feet high and five feet across, so big that it looks like one could hardly keep from seeing it; an arc electric light in 150 yards that lighted the street to the pile of brick to such an extent that one could see the brick plainly for *fifteen feet,* and the plaintiff says that he could have averted the injury if he had seen the pile of brick *eight or ten feet* before he ran into it; can it be that it was the want of the *red* light that caused the injury?   It seems to us that any reasonable man would say that his injury was caused by his own negligence in running his bicycle into the pile of brick, and that defendant's negligence was not the proximate cause of the injury.   The defendant's negligence was passive, inactive, while the plaintiff

was the moving, active agency in producing the injury. He had, so to speak, the last clear chance. But the jury have found that the plaintiff was guilty of contributory negligence; that is, the plaintiff was guilty of negligence that contributed to his injury. This is sufficient to prevent him from recovery, without showing that his negligence was not the proximate cause, as we think it was. The injury was the concurrent negligence of the plaintiff and the defendant. Walker v. Reidsville, 96 N. C., 382; Manly v. Railroad, 74 N. C., 655; McAdoo v. Railroad, 105 N. C., 140; Rigler v. Railroad, 94 N. C., 604.

While we can not say there was no error committed on the trial of this case, we see none that affects the rights of the plaintiff; and it seems to us that the plaintiff has had a fair trial as to the merits of the case.

The exceptions of plaintiff have all been examined, but we do not enter into a discussion of them, as none of them that affect his rights can be sustained. And it would not be profitable to the parties or the profession that we should do so.

The judgment appealed from is

Affirmed.