Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Decision and Order of the Deputy Commissioner, with MODIFICATION of the Conclusion of Law and the addition of Finding of Fact 10, and makes the following FINDINGS OF FACT:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. Neither of the parties in this action are appearing in a representative capacity.
4. There are no third party defendants or cross-claimants.
*********
FINDINGS OF FACT
1. On 6 February 1990, at approximately 3:15 p.m., plaintiff was walking along the left side of Louise Street, heading toward Lewis Chapel School in Fayetteville, North Carolina. Plaintiff was looking straight ahead, when she tripped over some loose pavement and fell.
2. Louise Street, also known as State Road 1534, has a daily traffic count of 3,200 automobiles. There was no designated pedestrian walkway along this road.
3. Prior to plaintiff's accident, the Department of Transportation had designated Louise Street for re-servicing, due to the small jagged-type cracking or "alligator cracking" present.
4. Prior to `6 February 1990, however, the Department of Transportation had no notice of a specific hole which would have posed a hazard to pedestrians.
5. The hole in which plaintiff fell was approximately 2 inches long, 2 inches deep and 7 inches wide and was located near the edge of the paved road.
6. The hole in which plaintiff fell was in plain view.
7. At the time plaintiff fell, the weather was clear and the sun was shining.
8. Plaintiff failed to notice the hole before she fell, due to the fact that she was looking straight ahead at the oncoming traffic.
9. The maintenance section of the Department of Transportation received a telephone call from plaintiff at 8:00 a.m. on 7 February 1990, stating that she had stepped in a hole in Hollywood Heights and had broken her leg.
10. "A person traveling on a street is required in the exercise of due care to use his faculties to discover and avoid defects and obstructions, the care being commensurate with the danger or the appearance thereof." Welling v. Charlotte,241 N.C. 312, 85 S.E.2d 379 (1955); Hedrick v. Akers,244 N.C. 274, 93 S.E.2d 160 (1956). A person is guilty of contributory negligence if by reason of his failure to exercise such care he fails to discover and avoid a defect which is visible and obvious. Pinnix v. Durham, 130 N.C. 360,41 S.E. 932. Plaintiff failed to use due care to look where she was walking on the street containing an obvious hole at the edge of the paved road, and was contributorily negligent.
*********
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
There was no negligence on the part of any named employee, officer or agent of the State which proximately caused plaintiff's injury, and plaintiff is not entitled to recover damages from defendant. N.C. Gen. Stat. § 143-291et seq. Even had a named employee, officer or agent of the State been negligent, plaintiff's own contributory negligence would have barred recovery. N.C. Gen. Stat. §143-299.1. Crawford v. Wayne Cnty. Bd. ofEduc., 275 N.C. 354, 168 S.E.2d 33 (1969).
*********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ _____________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ____________ COY M. VANCE COMMISSIONER
S/ ____________ FORREST H. SHUFORD II SPECIAL DEPUTY COMMISSIONER