MOISE, Justice.
Plaintiff, Coal Operators Casualty Company, the workmen’s compensation insurer •of. Charles O. Maddox, a subcontractor, is seeking indemnity from the defendants, Wheless Drilling Company, the principal contractor, and its insurer, Fidelity & Casualty Company, for compensation paid to H.' N. Ferguson, an employee of the subcontractor, who was seriously injured while in the course and scope of his employment.
Wheless Drilling Company, defendant, in- drilling and exploring for oil, contracted with Maddox, subcontractor, to install casing in an oil well being drilled by it in Claiborne Parish, La., and it was on this job that Ferguson’s injury was sustained, allegedly through the negligence of the employees of the principal contractor.
Subcontractor’s insurer, the plaintiff, after paying some $3,100 compensation, medical fees, etc., to Ferguson, filed this suit to recover the amount paid, attorney’s fees, etc., from defendant, the insurer of the principal contractor.
On the trial of an exception of no right or cause of action filed by the defendant, our learned district judge, as stated in his written opinion, having found
“ * * * that no third party relationship exists in this case, the action of indemnification will not lie,”
maintained the exception and dismissed plaintiff’s suit, at its costs.
Plaintiff perfected a devolutive appeal to-the Court of Appeal, Second Circuit, and, finding that the amount involved was in excess of the jurisdiction of the Court of Appeal, that court transferred the appeal to-us. 59 So.2d 502.
The precise issue before this Court is one of law:
Can a subcontractor’s insurer recover from a principal contractor’s insurer the amount of compensation benefits paid to the subcontractor’s employee who was injured through the principal contractor’s negligence ?
Plaintiff characterizes his action as one in indemnification. He argues:
*797 1. That an action in indemnification exists in favor of a subcontractor who without fault is subjected to exposure under the Compensation Act because of the negligent act of a principal contractor independent of LSA-Revised Statutes 1950, 23:1101; and
2. That the fact that the employee of a subcontractor does not have a cause of action against the principal contractor for the latter’s negligence, because the Act makes the principal contractor a remote employer quoad the employee of the subcontractor, does not preclude the subcontractor who has paid workmen’s compensation benefits to the injured employee from recovering damages to the extent of such compensation payments from the negligent principal contractor.
In support of its exception of no right or cause of action, the defendant takes the position:
1. That Wheless Drilling Company is not a “third person” within the meaning of Section 7 of the Workmen’s Compensation Law, which authorizes suit by an injured employee and his employer against third persons negligently injuring the employee;
2. That the exclusive remedy of the injured employee here was under the Workmen’s Compensation Act; that under the Act his employer (and the employer’s compensation insurer) were primarily liable, and Wheless Drilling Company was only secondarily liable for workmen’s compensation and medical expenses; that plaintiff’s rights, as the compensation insurer of the immediate employer, derive from, and are no greater than, those of the employee and employer; and, consequently that plaintiff cannot recover judgment against these defendants.
3.That the “action in indemnification,” contended by plaintiff as being applicable here, does not lie in this situation for the reason that it cannot be asserted by a party primarily liable for workmen’s compensation against one who is only secondarily liable.
Section 6 of Act No. 20 of 1914, as amended (the Louisiana Compensation Law), reads:
“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the- whole or any part of tlp.e work undertaken by the principal, ,-the principal shall be liable to pay to aijy employee employed in the' execution of the work or his dependent any compensation under this. act. which he would have been liable to pay if that employee had been immediately employed by him; and where 'compensation is claimed from, or proceedings are taken against the principal, then, in tht *799 application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
“2. Where the principal is liable to pay compensation under this section, he shall be entitled to indemnity from any person who independently of this section would have been liable to pay compensation to the employee or his dependent and shall have a cause of action therefor.
“3. Nothing in this section shall be construed as preventing an employee or his dependent from recovering compensation under this act from the contractor instead of-from the principal.
“4. A principal contractor, when sued by an employee of a subcontractor or his dependent, shall have the right to call that subcontractor or any intermediate contractor or contractors as a co-defendant, and the principal contractor shall be entitled to indemnity from his subcontractor for compensation payments paid by the principal contractor on account of an accidental injury to the employee of the subcontractor.” Act 85 of 1926; LSA-R.S. 23:1061-1063.
Section 7 of the Act reads;
“1. When an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person (in this section referred to as third person) than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this act; and the payment or award of compensation hereunder shall not affect the claim or right of action of such injured employee or his dependent against such x third person, nor be regarded as establishing a measure of damages for such injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for such injury.
“2. Any employer having paid or having become obligated to pay compensation under the provisions of this. Act may bring suit against such third person to recover any amount which he. has paid or become obligated to pay as. compensation to any injured employee • or his dependent; provided, that if either such employee or his dependent,, or such employer, shall bring suit against such third person, he shall' forthwith notify the other in writing of such fact and of the name of the Court' in which such suit is filed, and such other may intervene as party plaintiff in such suit.
*801 “3. In the event that such employer or such employee or his dependent shall become party plaintiff in such suit and any damages are recovered, such damages shall be so apportioned in the judgment that the claim-of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damage shall not be sufficient or shall only be sufficient to reimburse the employer for the compensation which he has actually paid, with a reasonable attorney’s fee to be fixed by the Court rendering the judgment, and his costs, such damages shall be assessed solely in his favor; but if the damages shall be more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent; and upon payment thereof'to the employee or his dependent th'e liability of the employer for compensation shall cease for such part of the compensation due hereunder, computed at six per centum per annum, as shall be satisfied by such payment.
“4. No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the other unless assented to by him.” Act 247 of 1920; LSA-R.S. 23:1101, 23:1102, 23:1103.
• Defendant argues with a coordinated reasoning, that in applying the law to the facts, it is manifest that Wheless Drilling Company was not a third person to either the plaintiff or as to Ferguson, or his employer. This is obvious, because at the time of the accident, Wheless Drilling Company was the principal contractor, and its insurer, under the Workmen’s Compensation Law, was the defendant, the Fidelity and Casualty Company of New York. Maddox was the subcontractor and his insurer was the Coal Operators Casualty Company, plaintiff. Ferguson, the injured employee, directly employed by Maddox, was but a remote employee of Wheless.
Section 34 of the Compensation Statute deals with the “Exclusive Character of rights and remedies”. This section reads:
“The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations, or otherwise, on account of such injury.” Act 38 of 1918; LSA-R.S. 23:1032.
In the case of Thibodaux v. Sun Oil Company, 218 La. 453, 49 So.2d 852, 854, wherein a compensation insurer of a subcontractor of the principal contractor was denied recovery against Sun Oil Company for the amount of compensation and medical expenses paid to Baker, an employee of the Houston Oil Field Company, subcontractor, an exception of no right or cause of action *803 was sustained on the theory that the compensation insurer of the subcontractor possessed no greater right against the principal contractor than would an employee of the subcontractor whose right and remedies were exclusive for recovery of compensation. Our finding in part reads:
“ ‘If the work contracted for is within the category of operation, then, of course, it may not be contracted for except under the conditions imposed by section 6.’
“Here, the Sun Oil Company is engaged in the business of exploring for and producing oil. The drilling of wells, the reworking, if necessary, and the ‘fishing out’ of well tools and implements which become stuck in the course of drilling the well are all interrelated and component parts, though different phases, of oil production. In other words, both Thibodaux and Baker were performing services in connection with work which has part of the business, trade and occupation of Sun Oil Company, or so closely related thereto as to become an integral part thereof. Therefore, the allegations of fact in the instant case clearly bring the matter within the rule of law provided in Section 6, Par. 1 of the Workmen’s Compensation statute as now written.
“The Workmen’s Compensation statute prescribes in substance the liability of an employer to make compensation for injuries received by the employee while performing services arising out of and in the course of the employer’s trade, business or occupation and prevents the invoking of defenses used in a tort action. The statute abolished the defenses: (a) Assumption of risk, (b) Contributory negligence; and (c) Negligence of a fellow-servant; and, in respect to the abolishing of defenses, the right granted under the Workmen’s Compensation Act becomes a gospel of humanity, a splendid psalm of life for the injured employee and his dependents.”
A still more recent case is that of Benoit v. Hunt Tool Company, 219 La. 380, 53 So. 2d 137, 144, wherein we said:
“Under the Workmen’s Compensation Act and the jurisprudence of this state, the exclusive remedy of the employees of the contractor against the principal, as these two terms are used in the act, is for workmen’s compensation, and there is no remedy in tort against the principal, as the principal is not a third person under the provisions of Section 7 of the act. Sections 6, 7, and 34, Act 20 of 1914, as amended, LSA-R.S. 23:1061, 23:1101, 23:1032; Thibodaux v. Sun Oil Co. La.App. 40 So.2d 761, affirmed 218 La. 453, 49 So. 2d 852. The effect of Section 6 is that the principal shall be considered the employer of the employees of the contractor, in contemplation of the statute, so that.such employees shall have the *805 right to demand compensation from the principal, and this is their exclusive remedy, and the principal cannot be held liable to the employees of the contractor in tort. There is no provision in the act that the contractor shall be liable to the employees of the principal in compensation, and in the absence of any such statutory provision the employees of the principal are not denied .the right to proceed in tort against the contractor under Article 2315.”
Plaintiff argues with a logical sequence of thought and vigor that the cases of Foster & Glassell Co. v. Knight Bros., 152 La. 596, 93 So. 913 and Smith v. McDonough, La.App., 29 So.2d 818, should be persuasive and controlling here because
“An employer upon paying compensation for injuries to an employee sustained through the fault and negligence of a third person has two causes of action, one by way of subrogation and on behalf of the employee. under Workmen’s Compensation Law, Sec. 7, and the other for indemnification as on implied or quasi contract for reimbursement for the money it was compelled to pay on account of the third person’s fault.” '
The Foster and Smith cases supra have no application here (a) because of the exclusiveness of the rights and remedies under the Workmen’s Compensation Law, and (b) becáuse in those cases the third persons wert not the principal contractors as wás the Wheless Drilling Company in this casé and were not within the compensation family with the relationship of principal contractor, subcontractor and employee. The Workmen’s Compensation Act is exclusive in character and in fact. It imposes a liability without the consideration of fault or negligence as in tort actions; it is dependent entirely upon a relationship of the performance of services in line of duty while on the job to the employer.
The law on workmen’s compensation created a new order — a trinity of protection for father, mother and child; when the father is injured while performing services in hazardous occupations for the employer. In civilized .man there is the inherent, feeling that our fathers in their day and time' were learned and human. Around the old oak of manhood these ideas grow and are perpetuated. The love of the old has in many instances controlled their reason and ours and- is still likely to do so until there is a shock of perturbing force which is strong enough to jolt us out of the rut. The new order-of things is to abolish man’s inhumanity to man, and this is exactly what has been done. Puchner v. Employers’ Liability Assurance Company, 198 La. 921, 5 So.2d 288; Archibald v. Employers’ Liability Assurance Corp., 202 La. 89, 11 So.2d 492.
The plaintiff in this suit relies on the case of Ruby Lumber Company v. K. V. Johnson Company, 1945, 299 Ky. 811, 187 S.W.2d 449, 166 A.L.R. 1215. If we were *807 to undertake to distinguish this case with the instant one such could properly be characterized as a distinction without a difference. “We do not choose to follow” the Ruby-Johnson case, supra, however, because our own jurisprudence and that of Kentucky is dissimilar.
Plaintiff also cites Staples v. Central Surety Insurance Corp., 10 Cir., 1932, 62 F.2d 650, as supporting authority for its position.
In the cases cited by plaintiff, the relationship of the contractor and subcontractor was not present, and the tort-feasor from whom the insurer obtained indemnification for compensation paid to the injured employee of the insured, was a third person. Therefore, these cases have no application here. On the contrary, the position taken by the defendant is supported by the weight of authority and by precedent.
In New Amsterdam Casualty Co. v. BoazKiel Const. Co., 8 Cir., 1941, 115 F.2d 950, 952, a workmen’s compensation suit, the facts and the provisions of the statute (Missouri) are almost identical with our Act and particularly Sections 6, 7 and 34, which we have quoted above. In the New Amsterdam case, supra, the court said:
“The Workmen’s Compensation Act of Missouri does not add to or supplement the common law of that State, but is substitutional in character. The act is a complete and exclusive code governing all .questions of substantive rights under its terms. Because of the substitutional character of the Act, the immediate and remote employers have no responsibility to their employees, injured in the course of employment, except such as is imposed upon them as employers by the terms of the Act.
“If the appellee, a general contractor and remote employer, were a ‘third person’ under the Act, the appellant would unquestionably have a cause of action against it for indemnity; but under § 3308 the status of the appellee was that of a remote employer, and the status of the subcontractor was that of an immediate employer. Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153. The liability of the immediate employer, the subcontractor, to pay compensation to its injured employee was, by the terms of the Act, a primary obligation. The liability of the remote employer, the general contractor, was secondary as between the two employers, provided that the injured employee was not insured by his immediate employer. If there had been no insurance and if the general contractor had been obliged to pay the injured employee what he was entitled to receive under the Act, the general contractor, by the express terms of the Act, could have recovered such payments from the subcontractor, with attorney’s fees and the expenses of suit. Mo.St.Ann. § 3308(d) pp. 8242, 8243. The right of the injured employee to compensation and medical ex *809 pense, regardless of who or what caused his injury, since no third person was involved, was exclusively that which was specified in the Act. The employee and anyone subrogated to his rights were without any cause of ac.tion against the general contractor for damages or indemnity. Bunner v. Patti, supra.
“The appellant concedes that if its action were based Upon the rights of the injured employee, it could not be maintained, .but contends that it is entitled to enforce its equitable right to indemnity derived from its assured. Appellant cites Staples v. Central Surety & Ins. Corp., 10 Cir., 62 F.2d 650, as supporting its claim that it has a cause of action for indemnification. The Workmen’s Compensation Act of Oklahoma, 85 Okl.St.Ann. § 1 et seq. was involved in that case, but the question which is for decision here was not presented or ruled upon. The relationship of general contractor and subcontractor was not present in that case; the tort-feasor from whom the insurer obtained indemnity for compensation paid to the injured employee- of its assured was a third person.
“The appellee’s contention that no cause of action for indemnity in favor of appellant exists finds support in Fox v. Dunning, 124 Okl. 228, 255 P. 582. In that case a general contractor, whose negligence was alleged to have caused an injury to an employee of a firm working for the general • contractor, was sued by the injured workmen at common law for damages. The parties were all subject to the Workmen’ Compensation Act of Oklahoma, which is similar to that of Missouri. The compensation insurer of the firm whose employee was injured had paid him compensation, and intervened seeking indemnity from the general contractor. It was contended that the immediate employer was entitled to maintain an action against the general contractor for the damages caused by the latter’s negligence, and that the insurer was entitled to be subrogated to the rights of its assured, the immediate employer. The Supreme Court of Oklahoma rejected this contention. It held that the Workmen’s Compensation Act had swept away common-law rights, and that the Act was not solely concerned with the rights of employees; that the liability of the immediate employer under the act was a primary liability, and that subrogation does not follow the payment of such a liability; that the undertaking of the insurer was to pay the primary liability of its assured, and that the insurer was not entitled to reimbursement from the general contractor whose negligence caused the injury and the consequent loss to the insurer.”
Then, again, in Sykes v. Stone & Webster Engineering Corporation, 186 Va. 116, 41 S.E.2d 469, 475, which presents a similar *811 situation, the Supreme Court of' Appeals of Virginia held:
“After the rulings of the trial court above noted, Liberty Mutual Insurance Company asked to amend the notice of motion for judgment to allege that as insurer of Richmond Structural Steel Company, Inc., immediate employer of the plaintiff’s decedent, it had been compelled or was obligated to pay certain sums to the dependents of the decedent which it was entitled to recover from the defendant, pursuant to the provisions of section 12 of the compensation law, and by way of exoneration and indemnity. The court refused the amendment and this action is the subject of the fourth assignment of error.
“Under section 20(b), (c) and (d), the principal contractor is liable to the workman but the workman may recover from the subcontractor, and if the principal contractor is compelled to pay, he is entitled to indemnity from the subcontractor. While the liability of the principal contractor is directly to the workman, as between the principal contractor and subcontractor, the liability of the principal contractor is secondary, and the principle of exoneration does not operate in favor of one primarily liable against one secondarily liable. The right of Liberty Mutual Insurance Company in the original action was on the theory of subrogation under the Compensation Act. The proposed amendment seeks to set up a new right, based on implied contract, independent and outside of the Compensation Act, and with which the named plaintiff in the original action has no concern. * * *
# * * * H* #
“ ‘The right to indemnity or exoneration for a base must rest upon the fact that the party seeking indemnity has discharged, under contractual obligation express or implied, the obligation of the one primarily liable. 42 C.J.S. Indemnity, § 2, p. 564; 27 Am.Jur. 456, 457 (465, 466). Such is not the status of the parties in this case. The provisions of the Workmen’s Compensation Act have reversed what otherwise would have been the situation. It has made the subcontractor and its insurer, the Liberty Mutual Insurance Company, ‘ primarily liable and Stone & Webster Engineering Corporation and its insurer, secondarily liable to the injured party or his dependents. This is because the act is all inclusive legislation on the subject treated. It places and fixes the burden for an accident, irrespective of whether caused by negligence or not, and whether caused by one party or another, where it deems proper for the common benefit of those operating thereunder. Certain cases-may arise where it appears that the burden is inequitably imposed but the overall purpose of the Act must prevail and *813 those enjoying its benefits must bear its burdens as set forth therein.
“ ‘The action now sought to .be maintained is asserted by one who voluntarily came under the Act and enjoyed its benefits against one under the Act, and who is entitled to its protection. In other words, the cause of action asserted is claimed to arise though all of the parties were in their relátions to each other operating under the Act. While the liability sought to be enforced, as between the parties so situated, is outside of and foreign to the Act. The liability asserted against -the defendant, Stone & Webster Engineering Corporation, is said to be exclusive of and not based upon the Act. Again the answer and defense to this contention is that the parties were operating under the Act and the plaintiff, Liberty Mutual Insurance Company as the insurer of the sub-contractor in the “per stirpes” line, is primarily liable. And he who benefits by the act must bear its. burdens and, therefore, cannot claim both under and against the Act. The one primarily liable cannot, under the principle of indemnity, recoup his loss against one secondarily liable.’ ”
Another case involving the same type of situation is Phoenix Indemnity Co. v. Barton Torpedo Co., 137 Kan. 92, 19 P.2d 739, 741. There the court said:
“This brings us to the all important question-in this case as to whether a.. party liable under the Workmen’s Compensation Law can be made liable as a third party in a tort action for the same injury. * * *
“This action * * * was commenced under the provisions of R.S. 1931, Supp. 44 — 504, authorizing the bringing of actions for damages by the injured party or his employer against third parties, ‘other than the employer,’ prescribing the rights to do so as between the employee and employer within a certain period, and it has been definitely held that this section was intended for the benefit and guidance of the employer and employee and was not designed to relieve or affect, a third party who negligently injured an employee. * * *
“Appellee cites * * * in support of its theory that the Shell Petroleum Corporation was a third party for the reason that it was not a party to the compensation case and award, urging that it cannot possibly be liable in or under the workmen’s compensation case, because that case is now closed and no liability has attached, and that at most it was only a guarantor in case Schwartz and his insurance carrier were, financially unable to respond .and pay the compensation award. If that were the correct test as to whether or not the .principal contractor was a third party, it. would in effect place the matter..at the option' of the workman *815 and the subcontractor whether the principal contractor would be liable under the compensation law or in an action in tort. No such options exist under the compensation law and the fact that the principal contractor has not been made liable and is only a guarantor under the compensation law does not eliminate the principal contractor from the list of those that are liable thereunder, nor render it possible for the principal contractor to be a third party.
‡ * jji ifc # *
“Notwithstanding the designation in the contract of the Shell Petroleum Corporation as the owner, the substance and contents of the entire contract attached to the plea in abatement and the allegations of the petition which must at this time be taken as true, show that corporation to be the principal contractor and liable under the compensation law, but not liable in an action in tort for the negligence causing the injury for which the compensation award had been made against the subcontractor and his insurance carrier.”
See also, Lessley v. Kansas Power & Light Co., 171 Kan. 197, 231 P.2d 239, 248.
It is our conclusion that the exclusive remedy to Ferguson, the injured employee, against either Maddox or Wheless was under the all-embracing terms of the Louisiana Workmen’s Compensation Act; that Maddox and plaintiff insurer were primarily liable to plaintiff for workmen’s compensation and medical expenses, and Wheless was only secondarily liable; that if Wheless had been forced to pay Ferguson compensation and medical expenses, Wheless would have had the right to obtain reimbursement therefor from Maddox, but, certainly, Maddox has no such right against Wheless. Plaintiff’s rights as workmen’s compensation insurer of the immediate employer are derived from and are no greater than those of Maddox and Ferguson, and, since there could not be a recovery in tort against Wheless and his insurer, neither could plaintiff recover judgment against these defendants. Wheless is not a third person within the meaning of Section 7 of the Workmen’s Compensation Act, and, being secondarily liable to Ferguson for compensation, with Maddox primarily responsible, Maddox’ compensation insurer does not possess the right of indemnification from'Wheless and his insurer.
For the reasons assigned, the judgment appealed from is affirmed; plaintiff-appellant to pay all costs of court.