SIMON, Justice.
Flaintiff, as a compensation insurance carrier of J. W. Stewart, a distributor for Gulf Refining products in..the area.of.DeRidder, Louisiana, paid compensation in the sum of $3,520.80 to W. H. Langston, employee of Stewart, for accidental personal injuries received by Langston while in .the course of his employer’s business, and instituted this action ex delicto ’against Gulf Refining Company and its public liability insurers, the Travelers Insurance Company and the Travelers Indemnity Company, and J. L. Laurent,[1] owner of the gasoline station where the accident occurred, to recover the amount .of the • compensation paid to Langston, plus attorney fees, with reservation to .claim, such futures sums as plaintiff might become liable for under ' our- workmen’s compensation statute. -
As a consequence of said payment to Langston and alleging negligence -on the part of Gulf Refining.Company in the ownership and maintenance of the offending gasoline pump, plaintiff instituted this suit, on the ground that it was subrogated to the rights of Langston against the defendants herein to the extent of the, payments made to Langston, under the provision of LSA-R.S. 23:1162.
Defendants filed an exception of prematurity, which was voluntarily satisfied by plaintiff’s filing of an amended petition. Thereupon defendants filed exceptions of no fight of action and no cause of action, which were submitted to the trial-court for consideration and adjudication on the facts and evidence contained in a joint stipulation, by, counsel. •
*717 The trial court maintained the exception of no right of action and dismissed plaintiff’s suit.
Plaintiff perfected an appeal from said judgment to the Court of Appeal, First Circuit, which court transferred the same to this Court on the ground that it did not have appellate, jurisdiction for the reason that this suit is for the reimbursement or indemnity of the sum of $3,520.80’.(an amount exceeding $2,000) paid to plaintiff, an employee of its assured, in workmen’s compensation benefits and medical expenditure and was therefore not a suit for compensation or for damages for physical injury.
Article 7, section 29 of the Constitution, LSA, provides:
“The Courts of Appeal, except as otherwise provided in this Constitution,[2] shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, regardless of the amount involved, * * * and of which the Supreme Court is not given jurisdiction, * *
Article 7, section 10 of the Constitution of 1921 provides in part that the Supreme Court shall have appellate jurisdiction as follows:
“It shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest, except in suits for damages for physical injuries to, or for’the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances; nor shall such appellate jurisdiction extend to any suit for compensation under any State or Federal Workmen’s compensation law, or employer’s liability act; * *
Under our present Constitution the Court of Appeal has exclusive appellate jurisdiction 'in suits brought under our Workmen’s Compensation statute. Manifestly, from the foregoing provisions (quoted above) the Courts of Appeal have exclusive appellate jurisdiction in all suits for compensation under our State Workmen’s Compensation Law, or Employer’s Liability Act, and for other damages sustained by such person or his legal represent *719 atives, arising out of the circumstances of employment.
In the instant case by plaintiff’s allegation the issue presented and the alleged right asserted by plaintiff arise out of and by virtue of the provisions of our workmen’s compensation statute, thereby vesting appellate jurisdiction in the proper court of appeal.
Thus, this appeal has been erroneously transferred from the Court of Appeal, First Circuit, and, therefore, must be re-transferred to said court for ascertainment and determination of the issues herein presented.
Undoubtedly, if this case, with the record as originally made up, had been appealed to this Court we would have transferred such to the Court of Appeal, First Circuit. Act 19 of 1912, LSA-R.S. 13:4441.
For the reasons assigned, it is ordered that this appeal be retransferred to the Court of Appeal,[3] First Circuit, pursuant to the provisions of LSA-R.S. 13:4441 and 13:4442, the records to be filed in such court by appellants within 30 days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. All costs shall await final disposition of the cause.

. This defendant 'neither appeared in nor answered the suit. No judgment was entered as to him and thus he is not a ■ party to the present appeal.

. The only exception to the above provision is to be found in Article VII, Section 2, of the Constitution of 1921, which states:
“ * * * the Courts of Appeal * * * may also, in aid of their * * * jurisdiction * * * issue * * * all other needful writs, orders and process, * * *.”

. The Court of Appeal transferred the appeal to this Court on the authority of Coal Operators Cas. Co. v. Fidelity & Casualty Co. of New York, 223 La. 794, 66 So.2d 852. However that case is not authority for sustaining our appellate jurisdiction as the question of jurisdiction was not directed to the Court’s attention in that matter.