95 So.2d 734 (1957)
MARYLAND CASUALTY COMPANY, Plaintiff-Appellant,
v.
GULF REFINING COMPANY et al., Defendants-Appellees.
No. 4430.
Court of Appeal of Louisiana, First Circuit.
June 4, 1957.
Rehearing Denied June 28, 1957.
Writ of Certiorari Denied October 8, 1957.
*735 Mouton Champagne & Colomb, Lafayette, for appellant.
Lawes, Cavanaugh, Hickman & Brame, Lake Charles, for appellee.
TATE, Judge.
This case was previously transferred by us to the Supreme Court, 77 So.2d 752, but was retransferred by the high court to us. 231 La. 714, 92 So.2d 697.
Plaintiff, as compensation insurer of J. W. Stewart, sues for recovery of benefits paid by it to W. H. Langton, an employee of Stewart disabled allegedly through the negligence of defendant Gulf Refining Company (and also one Laurent who is not a party to this appeal); making co-defendant Gulf's liability insurer. The Louisiana compensation act specifically provides that the employer may bring suit against third person tortfeasors causing the compensable injuries to the employee, LSA-R.S. 23:1101, and that the employer's compensation insurer is subrogated to all rights of the employer under the compensation act, LSA-R.S. 23:1162.
Defendants filed exceptions of no right and of no cause of action.
Over objection of counsel for the plaintiff, the District Court permitted certain evidence to be received in disposing of the alleged exception of no right of action; and then sustained same, dismissing plaintiff's suit; hence this appeal.
Having alleged that under the compensation act "petitioner is subrogated to the rights of William Herbert Langton against the defendants herein to the extent of the payments made to him", the crux of the tort action is stated in the petition to be as follows:
"On or about May 21, 1952, William Herbert Langton, employee of J. W. Stewart, distributor of Gulf Refining Company products, was unloading gasoline from a tank truck at the J. L. *736 Laurent Gulf Station, DeRidder, Louisiana, and was standing between the said truck, and the gas pump when suddenly" * * * through the negligence of defendants he was severely burned. (Article 6; Italics ours.)
The question presented by the exception of no right of action is whether or not J. W. Stewart as distributor of Gulf Refining Company products was an independent contractor performing part of the trade business, business or occupation of the Gulf Refining Company under LSA-R.S. 23:1061, so that Stewart's employee (Langton) had a cause of action for workmen's compensation against Gulf which consequently excluded any cause of action in tort against said firm. Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852, Sisk v. L. W. Eaton Co., La.App. 1 Cir., 89 So.2d 425.
Stated otherwise, defendants seek to explain by extraneous evidence that J. W. Stewart, "distributor of Gulf Refining Company products" was an independent contractor of Gulf rather than merely a buyer of its products.
If the defense raised by this exception relates to plaintiff's "right of action" rather than to (as plaintiff argues) his "cause of action", the District Court correctly admitted evidence over plaintiff's objection in reaching judgment thereupon; for while extraneous evidence may be introduced in the determination of an exception of no right of action, it is equally well settled that the exception of no cause of action is triable on the face of the papers alone, admitting for purposes of the exception all well-pleaded allegations of the petition. Roy O. Martin Lbr. Co. v. St. Denis Securities Co., 225 La. 51, 72 So.2d 257.
The learned District Judge held that the exception in question was levelled at plaintiff's right to exercise the remedy, as distinguished from the remedy itself, and was therefore properly speaking an "exception of no right of action", in the decision of which evidence might be taken. It is admitted that if this is an "exception of no cause of action", that the pleadings taken as true require its overruling, and the remand for trial on the merits.
Since the time of the opinion below, three decisions have been rendered by the Supreme Court and ourselves which have clarified what was admittedly a clouded question at the time: Wischer v. Madison Realty Company, 231 La. 704, 92 So.2d 589; Rapides Grocery Co. v. Vann, 230 La. 829, 89 So.2d 359, and Leteff v. Maryland Casualty Co., La.App. 1 Cir., 82 So.2d 80, certiorari denied.
As these cases all emphasize, the exception of no right of action is the exception of want of interest or capacity and relates "specifically to the person of the plaintiff" and its function "is to raise the question of whether a remedy afforded by the law can be invoked by a particular plaintiff"; whereas the exception of no cause of action "relates generally to the action", and its function "is to raise the general issue as to whether any remedy is afforded by the law" to the plaintiff or to anyone similarly situated, summarizing and quoting from the Wischer case, 92 So.2d 589, at page 591. These cases indicate that a right of action is remedial, the right to pursue a judicial remedy, that is, the right to institute and maintain a suit for a certain object; a cause of action is substantive, the entire state of facts that give rise to an enforceable claim, or in other words, the actual right or obligation which is sought to be enforced.
These cases all cite and rely on the studies of a leading authority upon Louisiana procedure, Dean Henry G. McMahon, and upon the famous leading decision of Duplain v. Wiltz, La.App.Orleans., 174 So. 652, which at page 655 states: "The right to sue is conferred either by statute or the jurisprudence, whereas the cause to sue is legally determined after investigation of the facts presented."
In the Duplain case, an occupant of a building sought recovery of damages for *737 personal injuries caused by defects therein. Made defendant was the alleged owner of the building. Under an exception of no right of action the defendant introduced evidence, over plaintiff's objection, successfully proving that defendant was not the owner of the building and therefore not the proper defendant. The appeal was from dismissal of the suit. Observing that such a "question is purely one of fact and does not militate against plaintiff's legal right to maintain the action", the appellate court concluded that if after trial defendant was found not to be the owner, "such finding will not be destructive of plaintiff's inherent right to sue the defendant, but will serve to show that the plaintiff was without justification or cause to enforce her right against the defendant." Therefore the evidence had been improperly admitted, as the exception was levelled at the general cause of action rather than plaintiff's individual right to enforce same, and was therefore an exception of no cause (rather than of no right) of action.
Likewise, in the Wischer case above-cited the exception was based upon the defense that the plaintiffs were without interest or right to maintain the petitory action because of a quitclaim and judicial admission by them relinquishing interest in the property sought to be recovered. Reversing the lower courts, our Supreme Court held that this defense was to the cause of action, presenting factors which tend to defeat the action itself, rather than relating specifically to the persons of the plaintiffs or their right to bring the action.
And in the Rapides Grocery Company v. Vann case, above-cited, the Supreme Court held that an exception of no right of action, requiring the introduction of evidence, did not lie against a separation of patrimony action, even though such exception sought to controvert an essential allegation of the cause of actionby proving that defendant heir was free of debt, and that therefore plaintiff (a creditor of the estate) had no right to bring this action, which seeks to prevent the dead ancestor's effects being absorbed by the heir's (i. e., the defendant's therein) personal creditors.[1]
In the exception of no right of action, the inquiry relates to the person of the plaintiff or "`to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy,'" Vegas v. Cheramie, La.App. 1 Cir., 69 So.2d 66, 68. Roughly speaking, the thrust of the exception of no right of action is to the effect that this particular plaintiff has no standing to bring the actionthat is, that he does not fall within the general class in whose favor the law grants the remedy; while the thrust of the exception of no cause of action questions the existence of a legal remedy for this particular cause of action to any plaintiff.
The compensation act subrogates the employer and his insurer to the employee's tort claim against the third party tortfeasor to the extent of the compensation benefits paid. This is the "right of action" conferred by the statute in question, and the want of interest or capacity of an alleged employer or insurer to bring suit thereunder might possibly be questioned by an exception of no right of action which for instance questions the plaintiff's individual status as a subrogated employer or insurer thereof of an injured employee, the classes entitled to such right of action created by the statute.
But the present exception is not levelled against the individual disqualification of the present plaintiff from the classes conferred a right of action by the statutefor it is unquestioned that Stewart was the employer of the disabled employee, and that plaintiff *738 was the compensation insurer of Stewart, but against the disqualification of all plaintiffs similarly situated.
Basically, the defense is not that because of a quality individual to plaintiff, it has no right of action. The defense is that Langton (the disabled employee to whose rights plaintiff is subrogated to the extent of the compensation benefits paid) or anyone similarly situated cannot recover as the employee, not of the buyer of Gulf's products, but of Gulf's subcontractor. This goes to the merits of the cause of action, rather than to the person of plaintiff or of Stewart or of Langton.
The defense is not that Langton or plaintiff, his subrogee, has no legal right to institute the suit; it is that they have no legal right to recover, i. e., no cause of action: the former type of defense raising questions of interest or capacity to institute the suit, is alone triable by exception of no right of action in limine litis; the latter, raising questions of whether legal recovery can be had by one given legal standing or right to institute the action, is subject to an exception of no cause of action if it can be determined on the face of the pleadings, but if evidence is necessary is triable on the merits along with the other factual defenses to plaintiff's claim.
As we stated in Leteff v. Maryland Casualty Co., La.App., 82 So.2d 80, at page 83, "Our inquiry herein therefore is not directed to the person or capacity of the plaintiff, but to whether or not under these facts any one had a cause of action. Thus defendant questions not plaintiff's right of action, but his cause of action. Plaintiff's objection to admission of any testimony should have been sustained, and defendant's exceptions of no right and cause of action should have been overruled."
As stated in the Leteff opinion, although it is often a sensible procedure to admit evidence without objection on trial of an exception of no cause of action in order to eliminate issues or parties in advance of trial on the merits, "in the absence of legislative authorization of separate trials of separate issues, we feel that such piecemeal trials are neither favored nor authorized by our jurisprudence," 82 So.2d 84. See Loew's Inc. v. Don George, Inc., 227 La. 127, 78 So.2d 534. And while doubtless there are good policy reasons favoring separate trial of separate issues, we must also concede that perhaps equally sound policy reasons favor Louisiana's present system of avoiding piecemeal trials.
For although undoubtedly efficiency results when issues and parties are correctly eliminated in advance of trial on the merits, just as undoubtedly inefficiency and hardship result when parties or issues are incorrectly eliminated in advance of trial on the merits, causing the necessity of remands, retrials, and multiple appeals and delays. And courts being (like all human institutions) fallible, errors must of necessity occur, as the tortuous appellate course of this case to date amply indicates. Further, the compartmentalizing of the knowledge of various witnesses as to various separately tried issues does not necessarily afford the most efficient or most convenient way to secure their testimony.
We do not find persuasive plaintiff's argument that the Supreme Court's affirmance of the lower courts' sustaining exceptions of no right and cause of action in similar suits, Coal Operators Cas. Co. v. Fidelity & Cas. Co., 223 La. 794, 66 So.2d 852, Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852, indicates any intentional holding whatsoever as to the present question which was not even referred to therein. As the Wischer case remarked, 92 So.2d 589, 590, "the indiscriminate use of the exceptions of no cause of action and of no right of action" in conjunction has caused some confusion; and it is apparent *739 from reading those cases that the exceptions sustained therein on the face of the pleadings were, properly speaking, exceptions of no cause of action.
Likewise insignificant in our opinion, is the sometimes use of the word "right" (e. g., LSA-R.S. 23:1101, referring to the "claim or right of action of the injured employee * * * against such third person") describing the cause of action of the injured employee or his subrogee against the third party tortfeasor. It is apparent from the context in each instance that the term "right" is used in its generic sense of a legally enforceable right (including that conferred by a cause of action); rather than as a term of art in the technical phrase "right of action" in Louisiana practice and procedure, referring to the legal right to maintain an action or to bring suit without reference to whether the claim (cause of action) upon which founded is valid and enforceable. For a roughly similar distinction in some common law jurisdictions, see 37A Words and Phrases, Right; Rights, p. 353 et seq., and, Right of Action, p. 383 et seq.
Defendants-appellees have raised a question by this exception as to whether the plaintiff has a cause of action against itself which, since it cannot be decided on the face of the pleadings, must be relegated to the trial on the merits for determination along with all the other factual issues.
For the reasons assigned the judgment appealed from is reversed and it is ordered that the case be remanded for trial in the court below; the cost of this appeal to be paid by the defendants and all other costs to await the final termination of the case.
Reversed and remanded.
NOTES
[1] This ruling is particulary noteworthy because it rejected the contrary conclusions reached by our brethren of the Second Circuit as to the function of the exception of no right of action in their scholarly re-evaluation of the source jurisprudence of the origins of the exception, La.App., 84 So.2d 831.