**Joseph J. THERIOT, Jr., Plaintiff,**

v.

**GULF OIL CORPORATION and Travelers Insurance Company, Defendants.**

Civ. A. No. 75–3894.

United States District Court,
E. D. Louisiana.

Nov. 11, 1976.

---

James A. Wysocki, Jerome M. Volk, Jr., Windhorst, Heisler, de Laup, Wysocki & Klein, New Orleans, La., for plaintiff.

James J. Morse, New Orleans, La., for defendants.

Charles E. Leche, Norman & Norman, New Orleans, La., for third-party defendant, Rodney's Oilfied & Continental.

ALVIN B. RUBIN, District Judge:

The plaintiff, Joseph J. Theriot, Jr., was injured on January 4, 1975, while working on an oil production platform owned by the defendant, Gulf Oil Corporation, located in Timberlere Bay, Louisiana.[1] Theriot was working on the maintenance of a Gulf tank battery, as an employee of Rodney's Oilfield Contractors, Inc. Rodney's had contracted with Gulf to maintain the tank battery in good condition, and "to furnish general oilfield work inshore and offshore labor." ("Blanket Contract", p. 1, para. 1.) The contract expressly identifies Rodney's as an independent "contractor" and requires Rodney's to indemnify Gulf for personal injury claims "arising out of the work performed by contractor . . . particularly . . against any loss or damage whatsoever caused by . . . accidents of any kind during the performance of and until the completion of said work. . . ."

Gulf and its insurer, Travelers Insurance Co., have moved for summary judgment on

---

1. The platform in Timberlere Bay is located approximately one-half mile inland from the Louisiana gulf shoreline. Affidavits of Oscar J. Authement and W. E. Bauman, September 15, 1976. Therefore, the state law of Louisiana is applicable to this lawsuit, rather than the federal Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C. § 901 et seq.

the ground that section 34 of the Louisiana Workmen's Compensation Act immunizes them from liability in tort. LSA–Rev.Stat. 23:1032. That statute reads as follows:

The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.

The defendant also relies on the provisions of section six of the Act which establishes the liability of principals, such as the defendant, for workmen's compensation.[2] That statute reads as follows:

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.

Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."

LSA–R.S. 23:1061.

The plaintiff contends that a principal, like Gulf, and a contractor, like Rodney's, may contract to rid themselves of the provisions of section six: the principal would not then be considered an "employer" and would not be subject to the compensation act. In return, only the contractor would become responsible for workmen's compensation benefits. The price the principal would pay for relief from compensation act liability would be the forfeiture of its immunity from suit in tort.[3]

■ The Louisiana compensation statute provides protection for employees against employers who would escape their responsibility by contracting with dummy or insolvent contractors for labor.[4] It makes parties like Gulf "statutory employers" for the purposes of the Act, even though they do not actually have an employer-employee relationship with the employee, i. e. they do not necessarily pay wages or supervise work. Once a statutory employer becomes

---

**2.** The affidavits of Oscar Authement and W. E. Bauman, September 15, 1976, introduced by the defendant, state that the work done by Rodney's workers was "an essential part of the business of the tank battery." The plaintiffs have not alleged that the provisions of section six do not apply to the contractual relationship between Rodney's and Gulf. In other words, plaintiffs do not contend that Rodney's work for Gulf was not part of the "trade, business, or occupation" of Gulf.

**3.** Plaintiff's brief states: "In essence, Gulf contracted away its liability for compensation liability, and at the same time, by defining the employees of Rodney's to not be employees of Gulf, thereby contracted away Gulf's tort liabil-

ity immunity which otherwise would have been provided through sec. 6." (p. 3).

**4.** The plaintiff asserts that because the Act permits employers and employees to waive the provisions of the Act, LSA–R.S. 23:1038, employers and statutory employers should likewise be permitted to make such a waiver. However, that statute evidently applies to contracts to which the employee is a party. The Act is designed to provide a remedy for injured employees and its purpose could be frustrated were it possible for two companies considered employers by the Act to waive that remedy by their own compact. ■

subject to liability for workmen's compensation under section six, it becomes immune from tort liability under section 34, just as an ordinary employer would.

■ The purpose of the Louisiana Workmen's Compensation Act was to provide a remedy for victims of industrial accidents, that would not be subject to the defenses of contributory negligence, assumption of risk, and the fellow-servant rule. The justification for imposing liability without fault is

. . . the sound economic principle that those persons who enjoy the product of a business—whether it be in the form of goods or services should ultimately bear the cost of the injuries or deaths that are incident to the manufacture, preparation and distribution of the product . . . the expected cost of injury or death to workers can be anticipated and provided for in advance through the medium of insurance, and the premiums can be regarded as an item of production cost in fixing the price of the commodity of service. . . .

Malone, Louisiana Workmen's Compensation, p. 34, sec. 32. Implicit in the principle of predictable cost and responsibility is immunity from tort liability.

■ Just as an employer is entitled to rely on limited liability, the employee is entitled to his compensation benefits, unless he has expressly agreed in advance to surrender them in order to preserve possible tort claims. Otherwise, the exclusive remedy against both principal and contractor lies in the compensation act, LSA–R.S. 23:1032, and principal and contractor may not, by contract, alter the statutory scheme.[5]

It is now well settled that if the work contracted for is within the 'trade, business [and] occupation' of defendant, or within the category of operations, it may not be contracted for except under the conditions imposed by Section 6 of the Compensation Act . . . .

*Thibodaux v. Sun Oil,* La.App.1949, 40 So.2d 761, at 764, aff'd., 218 La. 453, 49 So.2d 852; *Sanderson v. Binnings Construction Co.,* La. App.1965, 172 So.2d 721 at 723; *Coal Operators Casualty Co. v. Fidelity and Casualty Co.,* 1953, 223 La. 794, 66 So.2d 852 at 855; *Benoit v. Hunt Tool Co.,* 1951, 219 La. 380, 53 So.2d 137. This principle of exclusivity has been reiterated most recently by the Louisiana Supreme Court in *Broussard v. Heebe's Bakery,* 1972, 263 La. 561, 268 So.2d 656. The Court, considering the plaintiff's argument that "the injured employee of the contractor has two causes of action against the principal (one for compensation and the other for tort) . . . .", remarked,

In view of our settled jurisprudence, the contention of plaintiff is one which addresses itself more properly to the legislature. That body has met time and time again and is presumed to be aware of our rulings. Yet it has not seen fit to amend the statute to conform to the views and contentions advanced by the plaintiff . . . .

268 So.2d 656, at 658. The Fifth Circuit has also ruled on the issue in interpreting the Louisiana statute and has disallowed suit on a tort theory by an injured worker against a principal. *Arnold v. Shell Oil,* 5 Cir. 1969, 419 F.2d 43 at 46.

■ There has been some criticism of the exclusivity rule in the principal-contractor context:

The propriety of conferring tort immunity upon a principal as against the claim of his contractor's employee seems doubt-

---

**5.** "The courts have held that the Compensation Act is to be liberally construed. The liberal construction undoubtedly is meant to be in favor of the claimant. Although there is some authority to the contrary, to hold that *both* the principal and the independent contractor are free of tort liability in a Section 6 case, even though the independent contractor is ready, willing, and able to pay compensation and does in fact pay compensation is the very opposite of liberal construction, and there is support for the proposition that such a result was not contemplated by the Legislature when Section 6 was enacted. See Malone, *Principal's Liability for Workmen's Compensation to Employees of Contractor—An Analysis of the Situations in which Liability has been Imposed.* 10 La.L. Rev. 25 (Nov. 1949); also concurring opinions of Justices Tate and Barham in *Broussard v. Heebe's Bakery, Inc.,* 263 La. 561, 268 So.2d 656 (1972)."

ful to the writer. The principal is no more than a guarantor of the solvency of his contractor, and as such he is entitled to indemnity from the latter for any compensation he may be required to pay. For this reason it seems that he acquires immunity against the tort claim of his contractor's employee at an inordinately cheap price.

Malone, supra., p. 463, sec. 361. Cf. *Henning v. Continental Oil Co., et al.*, E.D.La. No. 73–3049, July 11, 1975, (unpublished opinion of Judge Blake West).[6] However, as the Louisiana Supreme Court remarked in the *Heebe* case, supra., it is not for the courts to abrogate the exclusivity rule set forth in LSA-Rev.Stat. 23:1032. Similarly, it is not for this court, sitting in diversity jurisdiction, to venture interpretations of section 6 that conflict with the numerous holdings of the state courts of appeal and Supreme Court on this precise issue. Accordingly, the defendant's motion for summary judgment is granted.

---

**6.** The concurrences of Justice Tate and Judge Lemmon in *Broussard v. Heebe's Bakery*, 263 La. 561, 268 So.2d 656, at 661, 1972, and La. App.1971, 254 So.2d 284 at 288, articulate a concern with limiting the tort immunity of the principal only in cases in which the contractor has already paid compensation benefits.

In my opinion LSA–R.S. 23:1061 is designed to prevent an employer from evading responsibility for compensation benefits by interposing a contractor to perform part of his trade, business or occupation. This insures compensation benefits, whether the employee is hired directly or indirectly. Once compensation benefits are insured to the employee, however, the purpose of the section is fulfilled.

The section is therefore not designed to allow an employer who farms out part of his trade, business or occupation (perhaps to evade compensation liability) to by so doing insulate himself from tort liability.

254 So.2d at 288. However, even in such a situation a problem arises if the principal-contractor contract requires the contractor to indemnify the principal for personal injury damages, as the contract in this case, in fact, did require. The Act is silent on the possibility of double liability by virtue of indemnity suits by principals against contractors. But it is unlikely that the drafters of the Compensation Act, intended to protect the party paying workmen's compensation, whether employer or statutory employer, only from double suits by employees. Moreover, sec. six could not have been intended to require principals to bear a greater burden than ordinary employers. Rather, ". . . the principal merely lends his solvency to the worker's claim, and he can effectively protect himself in advance either by satisfying himself that the contractor is solvent or by insisting that the contractor is solvent or by insisting that the latter insure against work accidents." Malone, Louisiana Workmen's Compensation Law and Practice, p. 142, § 121. To accept the notion that a principal may be sued in tort, even though the contractor has paid compensation, is to find that the principal is subject to greater liability than the contractor, or that, alternatively, if there is an indemnification agreement, the contractor must bear both tort and statutory liability. Neither result seems within the sense and purpose of the Act.