FANNIE A. GROOME v. CITY OF STATESVILLE.

(Filed 1 January, 1935.)

**1. Negligence C a—Court's refusal to charge that choice of dangerous way was contributory negligence where safe way was open held error.**

The evidence in this case tended to show that plaintiff, in recrossing a street at an intersection in a slightly diagonal course by the same route used by her in crossing the street a short time before, slipped on ice and snow along the gutter on the south side of the street and fell to her injury. There was evidence that plaintiff could have avoided the ice and snow by crossing directly at the intersection, and defendant pleaded plaintiff's failure to have so avoided the hazard as contributory negligence, and aptly requested special instructions on this aspect of the case: *Held,* the court's refusal to give the requested instructions was error entitling defendant to a new trial although the court correctly stated the abstract law of contributory negligence, and the charge would have been sufficiently full in the absence of the request for special instruction.

**2. Trial E e—**

The refusal of the court to give instructions aptly requested which present a material aspect of the case supported by the evidence and pleadings is reversible error.

**3. Same—Form of special instructions requested held not fatally defective in this case.**

A request for special instructions will not be held fatally defective because prefaced upon the finding of the jury from all the evidence instead of by its greater weight, since the instruction as requested would have been substantially correct when taken in connection with a correct instruction from the court on the burden of proof on the issue.

APPEAL from *Harding, J.,* at March Term, 1934, of IREDELL. New trial.

This action was instituted by the plaintiff for personal injuries sustained by her from a fall while crossing Court Street, on snow and ice alleged to have been negligently allowed by the defendant to accumulate and remain at the intersection of Court Street and Meeting Street in the city of Statesville. The defendant denied that it negligently allowed the accumulation of snow and ice, and alleged "that the plaintiff, with full knowledge of the then existing conditions, negligently and carelessly attempted to cross said street and slipped upon the ice and fell upon the street, and that such injuries as she may have sustained were solely due to her own carelessness and negligence," and pleaded the contributory negligence of the plaintiff in bar of recovery.

The usual issues of negligence of the defendant, contributory negligence of the plaintiff, and of damages sustained, were submitted to the jury and all answered in favor of the plaintiff.

· From the judgment based upon the verdict the defendant appealed to the Supreme Court, assigning errors.

*Grier, Joyner & Hartness, W. R. Battley, Lewis & Lewis, Bagby & Aiken, and Stewart & Bobbitt for plaintiff.*
*Land & Sowers and Z. V. Long for defendant.*

SCHENCK, J.   The defendant in apt time requested the court to charge the jury as follows: "That if the jury shall find from all of the evidence that there was ice or snow at the point where the plaintiff slipped and fell, and that there was danger of slipping and falling on such ice or snow to one attempting to walk on or across the same, and shall further find that the plaintiff saw or should have seen the danger, and shall further find that she could have reached her automobile by going around said ice or snow, or by another route, but that she continued on and stepped upon said ice or snow and slipped and fell, then the plaintiff would be guilty of contributory negligence and the jury would answer the second issue 'Yes.' "   His Honor declined to give the instruction and the defendant excepted.

There was evidence tending to show that the plaintiff first crossed Court Street, in a slightly diagonal course, from the south to the north side thereof, made purchases at the Curb Market, and then recrossed Court Street back to the south side, practically retracing her steps, with packages under her arms, and that as she reached the accumulation of snow and ice at the south side of Court Street, over which she had passed but a few minutes before, she placed her foot upon said snow and ice and fell.   There was evidence tending to show that the streets and sidewalks were clear of snow and ice except the south side of Court Street, and that there was no snow or ice on the north side or in the middle of this street, and none on Meeting Street, and that the plaintiff could have gone to the northeast corner of the intersection of Court Street and Meeting Street and then have gone directly from there across Court Street to the southeast corner of such intersection, instead of going diagonally across Court Street, and then proceeded on Meeting Street to her automobile without encountering the accumulation of snow and ice upon which she fell.

We think that this evidence furnishes a sufficient basis for the requested instruction.   We have examined the charge, and while it appears to be a correct statement of the law of contributory negligence, and was possibly sufficiently full in the absence of the prayer for special instructions, it does not, either in words or in substance, present to the jury the principle advanced by the instruction requested that a person to whom two courses of conduct are open, one dangerous and the other safe, is required to exercise due care in choosing which course to pursue.

"If two ways are open to a person to use, one safe and the other dangerous, the choice of the dangerous way, with knowledge of the danger, constitutes contributory negligence. . . . And where a person *sui juris* knows of a dangerous condition and voluntarily goes into the place of danger, he is guilty of contributory negligence, which will bar his recovery." *Dunnevant v. R. R.,* 167 N. C., 232. 45 C. J., 961.

It is a well-established rule in this jurisdiction that if a request is made for a specific instruction, which is correct in itself and supported by evidence, the court must give at least the substance thereof, and that a general abstract charge as to the law of the case will not be considered a sufficient compliance with the rule. *S. v. Henderson,* 206 N. C., 830.

In *Baker v. R. R.,* 144 N. C., 36, it is written: "We have held repeatedly that if there is a general charge upon the law of the case, it cannot be assigned here as error that the court did not instruct the jury as to some particular phase of the case, unless it was specially requested so to do. . . . It would seem to follow from this rule, and to be inconsistent with it if we should not so hold, that if a special instruction is asked as to a particular aspect of the case presented by the evidence, it should be given by the court with substantial conformity to the prayer."

The plaintiff's position that the defendant's prayer for special instruction is fatally defective because it is prefaced by the words "That if the jury shall find from all the evidence," instead of "That if the jury shall find by the greater weight of the evidence," is untenable, for the reason that the defendant had a right to assume that the court would properly charge the jury, as he did, that the burden of proof upon the issue of contributory negligence was upon the defendant to establish the affirmative by the greater weight of the evidence, and if the requested instruction had been given, in the language in which it was couched, in connection with this general instruction as to the degree of proof required of the defendant, it would have been in substantial conformity with the rule.

The defendant, at the proper time and in the proper form, having requested special instruction as to the duty of the plaintiff to use due care in selecting her route on recrossing the street, rather than rely upon the general charge as to contributory negligence, and having made sufficient allegation and offered sufficient evidence upon which to base such special instruction, we conclude that his Honor's refusal to comply with the defendant's request was error.

Since there must be a new trial for the error assigned, no useful purpose can be served by a discussion of the other interesting questions presented in the record, as they are not likely to again arise.

New trial.