This is an action for actionable negligence, brought by plaintiff against defendant, alleging damage.
The complaint of plaintiff is, in part, as follows: "That on or about 6 July, 1933, the plaintiff was walking on East Second Street, in the city of Charlotte, on the sidewalk on the southerly side of East Second Street, and going in an easterly direction; that while walking in front of a house in the four/five hundred block on the said southerly side of said street, she stepped in the driveway in the sidewalk immediately in front of a house; that the driveway that crossed the sidewalk was lower than the other part of the sidewalk; that it was immediately in front of said house and not where a driveway is supposed to be, and because of its improper location and because of the way it was constructed, she was caused to fall when she stepped on the driveway that crossed the sidewalk," causing serious injury.
The defendant denied the material allegations of the complaint and set up the plea of contributory negligence.
The plaintiff testified, in part: "I did case work, social work, or investigation for the Salvation Army. I was hurt on 6 July, 1933. . . . I was walking on the sidewalk in the 500 block of East Second Street, on the right-hand side, going east, which would be on the southerly side. A colored woman named Bonnie O'Daniel was with me. She was walking next to the street. I was watching where I was going. I was just walking down the street and stepped in this old broken-up driveway that was right in front of the house, you wouldn't know it was there. . . . I stepped down with my left foot. It turned over and *Page 49 
threw me down. . . . This driveway leads up to the house. It crosses the sidewalk. This driveway is in front of a house. If you walk up the driveway, it would lead you right in the porch of the house. It does not lead in any alley or anything of that kind. The driveway is worn right much, it is an old-fashioned driveway, it is deeper at one end than at the other. If you would step off there as I did, not knowing the place was there, it would turn you over in the street, just like it did me. It must have been ten or ten-thirty in the morning. . . . There are a good many cracks or broken places in the surface of the driveway right where I stepped in. There are more broken places at the bottom of it than at the side. This street and the sidewalk are paved, and the driveway is paved. . . . I hurt my right knee, this left ankle and the extreme end of my backbone in the fall. . . . (Cross-examination.) This happened on 6 July, 1933, about 10:30 in the morning. The sun was shining on that sidewalk. It was a clear day. I didn't know that this house where the driveway is used to face on Caldwell Street and they turned the house around to face Second Street. . . . There was nothing obstructing my view of this driveway. I didn't see it at all until after I fell, I didn't even know it was there. . . . Some of the concrete is washed away. There are a great many cracks where I stepped off. Down at the bottom of the driveway where I stepped off there are large places washed away. . . . I was walking, but that street iswide enough for two people to walk on and stay out of danger. I couldn't say how far back from the curbing I was walking. I might have been one foot back, I don't know how far."
The issues of negligence, contributory negligence, and damage were submitted to the jury, and answered in favor of plaintiff. Judgment was rendered for plaintiff on the verdict. Defendant made several exceptions and assignments of error and appealed to the Supreme Court.
At the close of plaintiff's evidence and at the close of all the evidence the defendant made motions in the court below for judgment as in case of nonsuit. C. S., 567. These motions were overruled, and in this we think there was error. There is not such a defect in the sidewalk as we find in Gasque v. Asheville, 207 N.C. 821. Conceding, but not deciding, that there was a material defect in the inclined driveway, now closed for driveway purposes, the injury occurred about 10:30 in the morning. Plaintiff testified, "It was a clear day, the sun was shining." She further testified, "There was nothing obstructing my view of this driveway." *Page 50 
The injury to plaintiff was a sad misfortune. The law required plaintiff to use due care — such care as an ordinarily prudent person would have exercised under such circumstances. She saw, or in the exercise of due care ought to have seen, the nature of the driveway she was to cross. She testified, "That street is wide enough for two people to walk on and stay out of danger." If one way is safe and the other dangerous, and a person knew, or by the exercise of due care ought to have known, of the dangerous way and goes that way, the person is guilty of contributory negligence and cannot recover. Groome v. Statesville, 207 N.C. 538.
For the reasons given, the judgment in the court below is
Reversed.