MRS. CLARISSA WALKER v. THE TOWN OF WILSON.

(Filed 30 September, 1942.)

**1. Municipal Corporations § 14—**

Municipalities are liable for injuries from defects or obstructions in their streets for negligence only; they are not insurers and are not liable for consequences arising from unusual circumstances which could not be foreseen; but are required to use only ordinary care in maintaining their sidewalks and streets in a reasonably safe condition.

**2. Same: Negligence § 19—**

Where plaintiff, who was walking at night on a town sidewalk, which was perfectly smooth and level, with lights at the corners ahead and behind her, and on a street she was accustomed to use, stepped off the paved sidewalk into a depression between the paving and a retaining wall, thus causing the injury, defendant's motion for nonsuit should have been granted.

APPEAL by defendant from *Burney, J.,* at May Term, 1942, of WILSON.

Civil action to recover damages against the town of Wilson, resulting from an alleged failure of said town to keep in proper repair a small unpaved space between its sidewalk and a retaining wall on the property line.

The evidence was to the effect that the sidewalk on Nash Street, in the town of Wilson, is five feet wide and a retaining wall four or five feet high (complaint alleges the retaining wall is from ten inches to two feet in height), is flush with the sidewalk in front of the Harrell lot which adjoins the Williams lot. There was an unpaved space between the sidewalk and the retaining wall in front of the Williams lot, said space being approximately two feet in width. A drain pipe that takes

the water off of the Harrell lot empties into the space between the sidewalk and the retaining wall, causing a depression in the unpaved area. The depression was from eighteen to twenty-four inches wide and six or seven inches deep at "the deepest portion and then edges off to three inches."

Plaintiff testified: "In going down town I use the right side of Nash Street mostly, and the right side going back home. The Lattimore Williams lot is on the right side of Nash Street going out. On the night of October 29, 1941, about 7 o'clock, I was going out home. I had been uptown in the afternoon and had visited friends after the stores closed and about 7 o'clock I started out home, 7 o'clock old time or standard time. It is dark at that time in October. I was walking on the right side of Nash Street going out. As usual I walked to the right of the pavement, naturally I was walking close to the right side of the pavement and when I got along about in front of Mr. Lattimore Williams' side as I passed the wall that is out to the pavement I was still keeping to the right and my right foot stepped off of the pavement and I fell backward and pitched on this right hand and, of course, my weight caused it to break. I naturally grabbed for the wall and I missed it and knocked the knuckles off of my right hand as I came down the side of the wall. No one was there. I was alone. . . . when I was going home on this occasion I was using the sidewalk and the side of the street I usually use. I have not passed along that sidewalk so very many times in the last ten years. I don't go up town frequently, don't go on an average of once a week by any means. I don't know that I go as often as twice a month, walking. I suppose I have passed by that same spot quite frequently in walking prior to this time. I think the pavement of the sidewalk is perfectly level and smooth and at that particular point the sidewalk is straight. There is a little curve on this side but at the point where I am complaining about the depression, the sidewalk is perfectly straight. I was not meeting anybody. I had the whole sidewalk to myself. I wouldn't know the width of the sidewalk. I suppose it is five feet wide. I could, of course, see down the street to the next intersection. Nothing in front of me to obstruct my vision. The street light on the corner was burning and the street light back of me burning. I suppose the street light in front of Mr. Finch's house was burning."

From a verdict and judgment in favor of plaintiff, the defendant appeals and assigns error.

*Connor, Gardner & Connor for plaintiff.*
*Lucas & Rand for defendant.*

DENNY, J. The exceptions and assignments of error may be disposed of by a consideration of defendant's motion for judgment as of nonsuit.

Considering the evidence in the light most favorable to the plaintiff, we are of the opinion that the plaintiff has failed to establish liability for her injury on the part of the defendant.

The burden was on the plaintiff to show that the town of Wilson was negligent, and that its negligence was the proximate cause of her injury. This she has failed to do. *Love v. Asheville,* 210 N. C., 476, 187 S. E., 562. "The liability of a municipal corporation for injuries from defects or obstructions in its streets is for negligence and for negligence only; it is not an insurer of the safety of travelers, and is not liable for consequences arising from unusual or extraordinary circumstances which could not have been foreseen, but is required to exercise ordinary or reasonable care to maintain its streets and sidewalks in a reasonably safe condition for travel by those using them in a proper manner." 43 C. J., Municipal Corporations, sec. 1785, p. 998.

The plaintiff's testimony certainly does not lead to the conclusion that the town of Wilson was negligent in that it had failed to provide a safe way for her; on the contrary, she says: "The sidewalk is perfectly level and smooth and at that point is straight. . . . I was not meeting anybody. I had the whole sidewalk to myself. I could . . . see down the street to the next intersection. Nothing in front of me to obstruct my vision. The street light on the corner was burning and the street light back of me was burning. I suppose the street light in front of Mr. Finch's house was burning."

The evidence discloses no reason why the plaintiff could not, in the exercise of due care for her own safety, have observed the actual conditions which existed in the unpaved area between the sidewalk and the retaining wall. Moreover, she was accustomed to walking on that particular sidewalk. We think the rule laid down in *Burns v. Charlotte,* 210 N. C., 48, 185 S. E., 443, is applicable to the facts in the instant case, in which the Court said: "If one way is safe and the other dangerous, and a person knew, or by the exercise of due care ought to have known, of the dangerous way, and goes that way, the person is guilty of contributory negligence and cannot recover. *Groome v. Statesville,* 207 N. C., 538, 177 S. E., 638." *Houston v. Monroe,* 213 N. C., 788, 197 S. E., 571; *Watkins v. Raleigh,* 214 N. C., 644, 200 S. E., 424; *Gettys v. Marion,* 218 N. C., 268, 10 S. E. (2d), 799.

The plaintiff relies upon *Bunch v. Edenton,* 90 N. C., 431; *Wall v. Asheville,* 219 N. C., 163, 13 S. E. (2d), 260; and *Radford v. Asheville,* 219 N. C., 185, 13 S. E. (2d), 256. The facts in the above cases are distinguishable from those in the instant case.

Defendant's motion for judgment as of nonsuit should have been granted. The judgment of the court below is

Reversed.