RUBY G. HEDRICK v. L. BELLE AKERS AND E. R. LEWELLYN, TRADING AS U-WASH-IT LAUNDRY.

(Filed 6 June, 1956.)

**1. Landlord and Tenant § 33: Municipal Corporations § 14a—**

A lessee of a part of a building, nothing else appearing, is not under duty to install, maintain or remove a drain pipe across the sidewalk in front of the building, and may not be held liable by a pedestrian for injuries received in a fall over such pipe.

**2. Negligence § 5—**

A person is under duty to discover and avoid defects and obstructions which he should see in the exercise of due diligence for his own safety, and increase in the hazard because of dirt and rain calls for a corresponding increase in vigilance.

**3. Same: Municipal Corporations § 14a—**

Defendant landlord installed a 10-inch drain pipe in such manner as to leave it exposed across the entire width of the sidewalk and elevated above the sidewalk from 2 to 3 inches at one end, to 5 inches at the other. Plaintiff fell to her injury over the pipe, and testified that although her eyesight was good, she did not see the hazard because of dirt and rain. *Held:* Nonsuit on the ground of contributory negligence was properly allowed.

**4. Negligence § 19a—**

Where the facts are admitted or established, the existence of negligence and proximate cause are questions of law for the court.

APPEAL by plaintiff from *Preyer, J.,* 30 January, 1956 Civil Term, GUILFORD Superior Court, High Point Division.

Civil action for damages for personal injury sustained when the plaintiff tripped and fell over an exposed drainage pipe across the sidewalk in the City of High Point. In summary, the plaintiff alleged and introduced supporting evidence as follows: On and prior to 19 March, 1954, the defendant, L. Belle Akers, was the owner of a building on Green Street, located in the business section of High Point. The building was divided into three sections: On the east, a launderette leased to and operated by the defendant E. R. Lewellyn, trading as U-Wash-It Laundry, in the center, a barber shop, and on the west, a sandwich shop operated by the defendant Akers. Some time prior to March, 1954, the defendant Akers had placed a steel drain pipe, 10 inches in diameter and eight to 10 feet in length, across the concrete sidewalk on Green Street. In laying the pipe the concrete was cut, the pipe placed in such manner as to leave it exposed the entire width of the sidewalk. Its elevation above the concrete was two or three inches at the building and gradually increased to about five inches at its highest point. The

pipe had been installed without permission of the city as required by its ordinance. On one side the concrete was broken for several inches along the pipe, which was rusty and its color blended somewhat with the color of the concrete.

Shortly prior to 5:00 p.m. on 19 March, 1954, the plaintiff, in company with her husband and a son and daughter, parked their car a short distance from the sandwich shop of the defendant Akers, walked along the sidewalk, crossed the section where the pipe was placed, and entered the sandwich shop. At about five o'clock, on the way back to the car, the plaintiff tripped over the pipe, fell and sustained painful and serious injuries. As a result she lost time from work and incurred substantial medical bills. At the time of her injury it was daylight. There was a mist of rain. A small amount of dirt and mud had washed onto the sidewalk near the pipe. The plaintiff testified her eyesight was good and that she was keeping a proper lookout, but did not see the pipe. She did not notice the pipe on the way to the sandwich shop.

The defendants filed separate answers in which they denied negligence and pleaded contributory negligence on the part of the plaintiff.

At the close of the plaintiff's evidence, judgment of nonsuit was entered as to both defendants. The plaintiff excepted and appealed.

*Haworth & Haworth, by Bryon Haworth,*
*Lewis J. Fisher, for plaintiff, appellant.*

*James B. Lovelace, for defendant E. R. Lewellyn, trading as U-Wash-It Laundry, appellee.*

*J. V. Morgan for defendant L. Belle Akers, appellee.*

HIGGINS, J. The evidence shows the defendant Akers owned a building on Green Street. She operated a sandwich shop in one of its three sections. Another tenant occupied the middle section. The defendant Lewellyn, a tenant, occupied the east section. Obligation on his part to provide drainage was neither shown nor admitted. He did not install the pipe. The evidence fails to show he had any duty with respect to, or responsibility for its upkeep, or any authority to remove it. A tenant is not responsible for injuries due to a defective sidewalk in front of a building under lease from the owner where the owner exercises control. 32 Am. Jur., 821, p. 699; *Childress v. Lawrence,* 220 N.C. 195, 16 S.E. 2d 842; *Knight v. Foster,* 163 N.C. 329, 79 S.E. 614. While contributory negligence on the part of the plaintiff will support the judgment of nonsuit as to the defendant Lewellyn; nevertheless, the judgment as to him in the court below must be sustained for the additional reason the evidence fails to show any negligent act or omission on his part, or the breach of any legal duty he owed the plaintiff.

The evidence of negligence on the part of the defendant Akers was sufficient to require its submission to the jury, unless the evidence of contributory negligence on the part of the plaintiff appears so clearly that no other reasonable inference can be drawn from it. *Bradham v. Trucking Co.*, 243 N.C. 708, 91 S.E. 2d 891. The plaintiff testified she was looking, but did not see the pipe. The question is whether she was negligent in failing to see it. Here are her own words: "It was dirty around there and I didn't know whether there was dirt on the sidewalk, or whether it was concrete, or dirt washed up, or what. . . . I thought the pipe stuck up above the concrete some places as much as five inches and gradually tapered off to less than five inches . . . the pipe which was sticking up above the concrete was about eight or 10 feet in length." The plaintiff did not observe conditions clearly enough to tell the difference between dirt and concrete, although it was daylight and she had good eyes. The mixture of dirt and rain on the sidewalk created an extra hazard which called for a corresponding increase in vigilance.

The conclusion seems inescapable that the plaintiff in this case did not see what she should have seen. "In its present state, the law is not able to protect those who have eyes and will not see." *Harrison v. R. R.*, 194 N.C. 656, 140 S.E. 598; *Furst v. Merritt*, 190 N.C. 397, 130 S.E. 40. "A person traveling on a street is required in the exercise of due care to use his faculties to discover and avoid defects and obstructions, the care being commensurate with the danger or the appearance thereof." *Welling v. Charlotte*, 241 N.C. 312, 85 S.E. 2d 379. In the *Welling case*, the plaintiff was injured by stepping in a hole in the sidewalk 4½ x 4½ inches square and one inch or slightly more in depth. This Court held that motion for nonsuit should have been allowed upon the ground of contributory negligence. *Walker v. Wilson*, 222 N.C. 66, 21 S.E. 2d 817; *Gettys v. Marion*, 218 N.C. 266, 10 S.E. 2d 799; *Watkins v. Raleigh*, 214 N.C. 644, 200 S.E. 424; *Houston v. Monroe*, 213 N.C. 788, 197 S.E. 571; *Burns v. Charlotte*, 210 N.C. 48, 185 S.E. 443. "He is guilty of contributory negligence if by reason of his failure to exercise such care he fails to discover and avoid a defect which is visible and obvious." *Pinnix v. Durham*, 130 N.C. 360, 41 S.E. 932.

In the *Welling case*, this Court held the plaintiff should have observed a hole in the sidewalk 4½ inches square and one inch or slightly more deep. In this case, the steel pipe was 10 inches in diameter, eight feet long, and elevated from two inches to five inches above the concrete. The plaintiff should have seen it. Negligence on her part appears as a matter of law. Recovery is denied where contributory negligence is one of the proximate and participating causes of the injury.

". . . What is negligence is a question of law and when the facts are admitted or established the court must say whether it does or does not

exist. 'This rule extends and applies not only to the negligent breach of duty, but also to the feature of proximate cause.' *Hicks v. Mfg. Co.*, 138 N.C. 319, 50 S.E. 703."

The judgment of the Superior Court of Guilford County is

Affirmed.