Oscar TIPTON, Appellant,

v.

Otis A. BARGE, William B. Thompson, and T. W. Daniel, individually and as Partners, Trading and Doing Business as Barge-Thompson Company, Appellees.

No. 7349.

United States Court of Appeals Fourth Circuit.

Argued January 22, 1957.

Decided April 9, 1957.

William C. Meekins, Asheville, N. C. (Meekins, Packer & Roberts, Asheville, N. C., on brief) for appellant.

Thomas A. Uzzell, Jr., and Harry Du-Mont., Asheville, N. C., for appellees.

Before PARKER, Chief Judge, and HARRY E. WATKINS and GILLIAM, District Judges.

GILLIAM, District Judge.

This action at common law alleging negligence of defendants and resulting injuries was dismissed at the close of plaintiff's evidence and plaintiff appealed. At the conclusion of the plaintiff's evidence, the District Judge granted the defendants' motion to dismiss, as provided by Rule 41(b), Fed.Rules Civ.Proc. 28 U.S.C.A. "on the ground that upon the facts and the law the plaintiff (had) shown no right to relief". Since this action was tantamount to a rendition of "judgment on the merits against the plaintiff", the Court below made findings as provided in Rule 52(a), Fed.Rules Civ.Proc.

The findings include the following language:

"All evidence offered and heard before the Court and jury is hereby found as facts for the purpose of the record. Accepting the evidence heard in the light most favorable to the plaintiff it would appear that his injury did not come about and was not caused by the negligence of the defendants as he alleges and has the burden of proof in showing. It further appears that plaintiff's own negligence was the proximate cause of his injuries, serious and painful as they must have been."

The plaintiff's evidence, accepted as it was, tends to show the following facts and circumstances on which his claim is based. The defendants, citizens and residents of Georgia, which we shall refer to as Barge-Thompson, were general contractors engaged in erecting a building at Spruce Pine, North Carolina, for the Southern Bell Telephone & Telegraph Company. Oscar Tipton, the plaintiff, a citizen and resident of North Carolina, was employed as a plumber's helper with A. Z. Price and Associates, which was engaged at the time of the accident, October 3, 1952, as plumbing subcontractor on this construction project.

The walls of the building had been completed at the date of the accident. The roof had not been completed. Only framework or girders lay overhead. At midmorning, sunlight illuminated the interior.

Along the outside of the exterior wall was a trench some three or four feet deep. It had originally been dug to provide working space for those who laid the footings for the wall. For eight to ten weeks prior to the morning of the accident, a broad ramp, provided by Barge-Thompson, lay across the trench at the main entrance to the partially completed building. The ramp sloped downward from the level of the interior floor to the level of the ground on the opposite side of the trench, a drop of one or two feet. The height of the ramp above the bottom of the trench was four or five feet. Traffic passing over the ramp had covered it with dirt so that it was approximately the same color as the earth beneath.

Tipton had been working some six weeks as a plumber's helper on the telephone building project, and he was

familiar with the ramp. He entered the building by way of the ramp on the morning in question and worked inside for about an hour. While Tipton was so engaged, Barge-Thompson's employees removed the ramp from the front doorway and replaced it with a single board across the trench, without notice to plaintiff.

As Tipton approached the doorway to leave the building he was walking in a path parallel and close to the wall. In one hand he carried a bucket partially filled with cement. In the other he carried some tools. He turned, stepped through the doorway, and fell into the trench. He fell on his back upon rubble consisting of scrap building materials that had accumulated there.

Injuries to Tipton's back that resulted from the fall were extremely painful. Extensive medical treatment was necessary. He is permanently disabled for performance of manual labor from which he formerly derived his livelihood, and was otherwise injured. The jurisdictional amount is involved.

Tipton claimed compensation for his injuries pursuant to the North Carolina Workmen's Compensation Act. N.C. G.S. § 97–1 et seq., and was paid by his immediate employer's insurance carrier. The present action, if maintainable, was properly instituted in Tipton's name. Any recovery would be first applied to reimburse the insurance carrier. N.C. G.S. § 97–10.

The defendant Barge-Thompson was general contractor and the plaintiff Tipton, as stated, was an employee of Barge-Thompson's subcontractor, A. Z. Price and Associates. Tipton's injuries arose

out of and were incurred in the course of his employment. Neither party disputes these conclusions.

Appellees state the questions involved as follows:

1. Can an employee of a subcontractor, under the N. C. Workmen's Compensation Act as it is now amended, maintain an action against the primary contractor for injuries caused by the alleged negligence of such contractor?

2. Did the plaintiff adduce any evidence of a breach of duty owed to him by the primary contractor, which breach was a proximate cause of the injuries sustained by the plaintiff?

3. Did the plaintiff's evidence establish his own negligence as a proximate cause or one of the proximate causes of the injuries sustained by him?

It appears that the trial Judge failed to specifically deal with the first question, but dismissed the action because he found that the evidence failed to show negligence of defendant and did show that plaintiff's own negligence was the proximate cause of his injuries.

While appellees insist that the ground given for the dismissal was sound, they argue with emphasis that the dismissal was also proper because: "In North Carolina an employee of a subcontractor cannot maintain a tort action against a general contractor when all the parties are subject to the Workmen's Compensation Act". While this is a correct statement of the law in many jurisdictions,[1] the Supreme Court of North Carolina has decided to the contrary in these cases: Mack v. Marshall Field & Co., 1940, 217 N.C. 55, 6 S.E.2d 889; Sayles v. Loftis, 1940, 217 N.C. 674, 9 S.E.2d

1. See: 58 Am.Jur., Workmen's Compensation Sec. 57; Aetna Casualty & Surety Co. v. Manufacturers Casualty Insurance Co., D.C., 140 F.Supp. 579; Kieffer v. Walsh Construction Co., D.C., 140 F. Supp. 318; Rivera v. Turner Construction Co., D.C., 135 F.Supp. 553; Whitaker v. Douglas, 179 Kan. 64, 292 P.2d 688; Mosley v. Jones, Miss., 80 So.2d 819; Jones v. Florida Power Corp., Fla., 72 So.2d 285; Coal Operators Cas. Co. v. Fidelity & Casualty Co. of New York, 223 La. 794, 66 So.2d 852; Primm v. Kansas Power & Light Co., 173 Kan. 443, 249 P.2d 647; Hard v. Hollywood Turf Club, 112 Cal.App.2d 263, 246 P.2d 716; State to use of Reynolds v. City of Baltimore, 199 Md. 289, 86 A.2d 618; Sarne v. Baltimore & Ohio Railway Co., 1952, 370 Pa. 82, 87 A.2d 264; McElvilly v. L. E. Meyers Co., 211 Ky. 31, 276 S. W. 1068; Doane v. E. I. Dupont de Nemours & Co., 4 Cir., 209 F.2d 921.

393; Cathey v. Southeastern Construction Co., 1940, 218 N.C. 525, 11 S.E.2d 571.

We are bound by these decisions to hold that the North Carolina Workmen's Compensation Act does not afford Barge-Thompson a valid defense. The defendant's contention that the question was not squarely presented to the North Carolina court in these cases cannot be sustained. An examination of the three records on appeal shows that the point was thoroughly briefed and argued. In the Cathey case, 218 N.C. at page 530, 11 S.E.2d at page 574, the Court said:

"The complaint in this case, as in Mack v. Marshall Field & Co., 217 N.C. 55, 6 S.E.2d 889, sets forth actionable negligence against defendant—a third person—not against the employer. Therefore, the N. C. Workmen's Compensation Act Code 1937, § 8081(h) et seq., is not available to defendant."

There, as here, the plaintiff was an employee of a subcontractor and the defendant was the general contractor.

We come now to consider the second and third questions presented by this appeal, to wit, whether the evidence, when considered in the light most favorable to the plaintiff, revealed actionable negligence on the part of the defendant, and whether it revealed contributory negligence of the plaintiff as a matter of law. In a 1951 annotation on the liability of general contractors, 20 A.L.R. 2d 870, it is pointed out that:

"The subject involves three general classes of cases: (1) those in which the general contractor was in control of the premises and engaged in supervising the work; (2) those in which he was not in control of the premises or work; (3) those in which the plaintiff seeks to recover from him under the rule respondeat superior for an injury caused by the negligent or wilful act of an employee or alleged employee."

This case falls in the third category. There is ample evidence in the record to show that the ramp was removed by employees of the defendant, Barge-Thompson. It is therefore unnecessary for us to analyze fine-spun theories of liability which arise when liability is predicated on less obvious grounds. For discussion and review of North Carolina law on that subject, see Petty v. Cranston Print Works Company, 1956, 243 N.C. 292, 90 S.E.2d 717.

In cases of the type before us, "The burden of proof is on the plaintiff to show the usual elements of liability * * * He must show that the wrongdoer was an employee of the general contractor and not an independent contractor or acting as the servant of such a contractor; that the wrong occurred in the performance of work within the scope of the employee's employment by the general contractor; that it was a proximate cause of his injury; and that he himself was rightfully on the premises or part of the premises in which the accident occurred.

"Apart from problems of assumption of risk, the obviousness of a risk may enter into the question whether the general contractor can be charged with negligence in not warning the plaintiff of it." 20 A.L.R.2d 872.

There can be no question that Tipton "was rightfully on the * * * part of the premises in which the accident occurred". It was the principal way of ingress and egress. The key factor in the circumstances surrounding Tipton's mishap is the "obviousness" of the risk created by Barge-Thompson's removal of the ramp, both as such obviousness relates to the defendant's failure to warn and the plaintiff's failure to observe. While it is axiomatic that, " 'in its present state, the law is not able to protect [those] who have eyes and will not see' ", Hedrick v. Akers, 1956, 244 N.C. 274, 276, 93 S.E.2d 160, 162, the duty to see or the allowable expectation that another will see is necessarily commensurate with the surrounding circumstances. **For ex-**

ample, one may be excused for failure to observe a *known* danger if he is momentarily distracted by conditions suddenly arising. Dennis v. City of Albemarle, 242 N.C. 263, 87 S.E.2d 561. On the other hand, a pedestrian is obliged to exercise greater caution for his footing when the street is wet. Hedrick v. Akers, supra.

■ Plaintiff and other workmen, engaged in the construction, had for eight to ten weeks habitually used the ramp that Barge-Thompson took away. It was their customary route into the building that they were constructing. A jury could reasonably infer that many users should have been expected to carry heavy tools and materials, the handling of which would require much of their attention. The defendant's unannounced removal of the ramp that left open a treacherous chasm in the path of men so occupied was an act in such flagrant disregard of the safety of others as to be comparable to the act of pulling a chair from under a person about to seat himself. It is clear to us that the plaintiff has established that there was a breach of duty on the part of Barge-Thompson.

The Cathey case, above mentioned, is in point. We quote 218 N.C. at page 529, 11 S.E.2d at page 573:

"The question involved: Under the facts and circumstances of this case, did defendant owe to plaintiff any duty—(1) In reference to seeing that the scaffold was of sufficient strength for the intended purpose and not built of defective material, or (2) Not to remove a support from the scaffold while employees were at work upon it without warning such employees. * * * The allegations of the complaint show that the defendant was engaged in building the Evans' residence at Laurinburg, N. C. In building the residence the defendant [the general contractor] erected a scaffold for the purpose, slightly below the edge of the roof. The defendant employed the Glasgow-Allison Company to install the slate roof and the Glasgow-Allison Company employed the plaintiff to aid in the work. Permission was given Glasgow-Allison Company and its employees to use the scaffold. * * *

"The scaffold was used by plaintiff in his work in helping to slate the roof. The scaffold did not belong to the Glasgow-Allison Company, but to the defendant. * * * "

218 N.C. at page 530, 11 S.E. 2d at page 574. "The complaint alleges, 'The defendant * * * negligently removed a support from said scaffold without warning the plaintiff thereof when the defendant knew that plaintiff * * * [was] using said scaffold * * *.' "

The scaffold fell while plaintiff was standing on it and plaintiff was injured. The Court concluded that defendant would be liable if the alleged facts should be established and held it to be a case for the jury.

■ We also believe that the questions of proximate cause and contributory negligence were for the jury. In McDonald v. F. W. Woolworth Co., 4 Cir., 1949, 177 F.2d 401, 403 at pages 403–404, Judge Soper, writing for this Court disposed of a similar contention made by the defendant:

"There is no ground for the defendant's contention that the dismissal of the case was justified by contributory negligence on the part of the plaintiff. It is true that she testified that she saw the sill upon which she slipped before she stepped on it, but she had no occasion to pay particular attention to it and it was not until she had fallen and injured herself, according to her story, that she noticed that the sill was wet and worn. In North Carolina the rule is that contributory negligence is an affirmative defense which must be pleaded and proved, and a nonsuit will not be granted on this ground unless the evidence so clearly establishes such negligence on the part of the plaintiff that no

other reasonable inference may be drawn therefrom. [Citing cases.]"

More recently in Hamlet v. Troxler, 4 Cir., 1956, 235 F.2d 335, 339 it was said:

"She [the plaintiff] had every right to expect a floor, and the fact that she took one step in an effort to reach what she thought was a light switch certainly does not impress us as constituting contributory negligence. Contributory negligence is ordinarily a question for the jury, and the burden of proving it is upon the defendant. We hold that, at the very least, the question of whether or not the plaintiff was guilty of contributory negligence should have been submitted to the jury. The law of North Carolina clearly supports this conclusion. [Citing cases.]"

Tipton introduced evidence that the ramp through long use had become the color of the earth below it. We believe that this element of camouflage, taken into consideration with the surrounding circumstances, points toward an issue of contributory negligence on which reasonable men may draw different inferences. In cases of this type, it is well to heed the caution set out by Judge Seawell in Mulford v. Cotton States Hotel Co., 213 N.C. 603, 605, 197 S.E. 169, 170:

"Since, as stated, on motions of this kind the Court must necessarily deal with evidence tending to show the plaintiff's negligence as well as its proximate causal relation to the injury, no mere conviction on the part of the judge, however profound, that the plaintiff ought not to recover upon the evidence because of contributory negligence, should be sufficient to justify taking the case from the jury. The power to take a case away from the jury upon a favorable finding of the Court on defendant's affirmative plea of contributory negligence is exceptional and should be exercised only

within the strict limits of its charter."

The cases relied upon by the appellees in this respect have been considered, but we find nothing in them which, to our mind, requires a decision favorable to them. We feel satisfied with our conclusion that under the facts established by the evidence the plaintiff should not be declared as a matter of law to have contributed to his injuries. The evidence fails to establish plaintiff's contributory negligence so clearly that no other reasonable inference may be drawn therefrom. McDonald v. F. W. Woolworth Co., supra.

The judgment of the lower court is reversed and the cause is remanded for further proceeding in accord with this opinion.

Reversed and remanded.