BETTY COLEY McCLELLAN v. THE CITY OF CONCORD, NORTH CAROLINA, AND THE BOARD OF LIGHT AND WATER COMMISSIONERS OF THE CITY OF CONCORD, NORTH CAROLINA

No. 7219SC587

(Filed 20 September 1972)

1. **Municipal Corporations § 14— failure to maintain streets in safe condition**

    Municipalities may be held liable in tort for failure to maintain their streets in a reasonably safe condition. G.S. 160-54.

2. **Municipal Corporations § 14— street maintenance — negligence — burden of proof**

    Municipal corporations do not insure that the condition of their streets shall at all times be absolutely safe, but are responsible only for negligent breach of duty upon a showing that (1) a defect existed, (2) an injury was caused thereby, (3) the city officers knew, or should have known from ordinary supervision, the existence of the defect, and (4) the character of the defect was such that injury to travelers therefrom might reasonably be anticipated.

3. **Municipal Corporations § 17— fall over street light base being constructed — contributory negligence**

    Plaintiff's evidence disclosed that she was contributorily negligent as a matter of law in falling over a cement street light base being constructed beside a city street where it showed that plaintiff got out of a car on the passenger side during a heavy rain, that she opened the back door to get two drink cartons, turned, and upon stepping toward the sidewalk tripped and fell over the cement base, and that plaintiff could have seen the base if she had looked, but that she did not see it because she was hurrying to get out of the rain.

4. **Municipal Corporations § 17— obvious defects — duty to avoid**

    One must discover and avoid defects which are visible, obvious and discoverable with exercise of due care.

APPEAL by plaintiff from *McConnell, Judge,* 7 February 1972 Session, CABARRUS County Superior Court.

This is a civil action commenced to recover for personal injury sustained when plaintiff fell over a cement street light base being constructed along a street within the City of Concord, North Carolina. At the close of plaintiff's evidence, defendants moved "for a directed verdict on the grounds that the plaintiff's evidence failed to show that either of the defendants was guilty of negligence which proximately caused injury and damage to the plaintiff, and on the further grounds that the plaintiff's evidence conclusively showed that the plaintiff was guilty of contributory negligence as a matter of law which was a proximate cause of her injury and damage." This motion was allowed and judgment was entered dismissing the action of the plaintiff.

*Wesley B. Grant and Adam Grant for plaintiff appellant.*

*Hartsell, Hartsell & Mills by W. Erwin Spainhour for defendant appellees.*

CAMPBELL, Judge.

On the morning of 5 April 1968 at about 8:30 a.m. plaintiff's husband drove her to a Stop and Shop store in Concord and stopped the car in a no parking zone alongside the store. The passenger side of the car was twelve inches from the curb. It was raining heavily on that day, and plaintiff said that she was in a hurry. She got out of the right front of the car, opened the back door to get two soft drink cartons, turned, and upon stepping toward the sidewalk tripped and fell over a cement base being constructed to support a street light pole. The base was located on the sidewalk about one inch from the street curb. It was twenty inches square at the bottom, twelve inches square at the top, and twelve inches high. There was a black pipe extending from the top of the base to a total height of two and one half feet. Plaintiff further testified that she was aware of the fact that the City was replacing all of the light poles and that she had seen these concrete bases numerous times around Concord, although she had never before seen the one on which she fell.

[1] The construction and maintenance of city streets is a governmental function, but it has been uniformly held that municipalities may be liable in tort for failure to maintain their

streets in a reasonably safe condition, and they are now required to do so by statute. G.S. 160-54; *Glenn v. City of Raleigh,* 246 N.C. 469, 98 S.E. 2d 913 (1957); *Bunch v. Edenton,* 90 N.C. 431 (1884).

[2] Municipalities, however, do not insure that the condition of the streets shall at all times be absolutely safe. They are responsible only for negligent breach of duty, which is made out by showing that (1) a defect existed, (2) an injury was caused thereby, (3) the City officers knew, or should have known from ordinary supervision, the existence of the defect, and (4) that the character of the defect was such that injury to travelers therefrom might reasonably be anticipated. *Fitzgerald v. Concord,* 140 N.C. 110, 52 S.E. 309 (1905).

It makes no difference if the defect was in the grass plot between the sidewalk and the street, since that area is considered part of the street system. *Gettys v. Marion,* 218 N.C. 266, 10 S.E. 2d 799 (1940).

Whether the defect is characterized as being a surface defect (excavation), a defective structure (meter covers, covered stairwells, coal shutes, etc.), or an obstruction (water hydrants, telephone poles) the effect of contributory negligence is the same—plaintiffs are usually "nonsuited" for contributory negligence when the defect is plainly visible in daylight, and even at night when the area is well lighted. Pedestrians must keep a reasonable lookout for their own safety. *Gower v. Raleigh,* 270 N.C. 149, 153 S.E. 2d 857 (1967); *Burns v. Charlotte,* 210 N.C. 48, 185 S.E. 443 (1936); *Hedrick v. Akers,* 244 N.C. 274, 93 S.E. 2d 160 (1956); *Blake v. Concord,* 233 N.C. 480, 64 S.E. 2d 408 (1951); *Beaver v. China Grove,* 222 N.C. 234, 22 S.E. 2d 434 (1942); *Walker v. Wilson,* 222 N.C. 66, 21 S.E. 2d 817 (1942) (injury at night on a lighted street); *Watkins v. Raleigh,* 214 N.C. 644, 200 S.E. 424 (1939); *Ovens v. City of Charlotte,* 159 N.C. 332, 74 S.E. 748 (1912) (injury at night on a lighted street).

[3] Plaintiff testified that the accident occurred during daylight. Although it was raining at the time and she was in a hurry to get out of the rain, there was nothing obstructing her view of the structure. She said that she *could have* seen it, but did not see it although she did take "a quick glance." On being asked why she did not see the base, plaintiff testified, "[W]hen

it's pouring rain and the wind is blowing in your face you're not going to just constantly stand there and look—you're going to take a quick glance and go on and get out of the rain."

Not all structures are barriers constituting obstructions upon which liability may be based. It has been held that fire hydrants, telephone poles, street lights and trees are useful obstructions and that it is not negligence to allow them to remain in the street or sidewalk unless they are negligently constructed or maintained, or are in an improper place. The area between the street and sidewalk is a proper location for these objects, and persons using the sidewalk are required to take notice of these conditions and of the uses to which the sidewalk may legitimately be put. *Rollins v. Winston-Salem,* 176 N.C. 411, 97 S.E. 211 (1918) ; *Gettys v. Marion, supra.*

[4] A person is under a duty to discover and avoid defects and obstructions which she should see in the exercise of due diligence for her own safety. An increase in the hazard because of dirt and rain calls for a corresponding increase in vigilance. *Hedrick v. Akers, supra.* One must discover and avoid defects which are visible, obvious and discoverable with exercise of due care. *Watkins v. Raleigh, supra.* In its present state the law is not able to protect those who have eyes and will not see. *Harrison v. R.R.,* 194 N.C. 656, 140 S.E. 598 (1927).

The evidence clearly shows that plaintiff could have seen the base if she had looked, but that she did not see it because she was hurrying to get out of the rain.

No error.

Chief Judge MALLARD and Judge BRITT concur.