McKay v. City of Charlotte

DANIEL E. McKAY v. CITY OF CHARLOTTE AND COUNTY OF
MECKLENBURG

No. 7726SC374

(Filed 7 March 1978)

**Municipal Corporations § 16.1— flag bracket on sidewalk—tripping of pedestrian
— no contributory negligence**

> In an action to recover for injuries sustained by plaintiff when he tripped
> and fell over a flag bracket placed against a light pole by defendant city's
> employees, evidence was insufficient to disclose contributory negligence as a
> matter of law since the flag bracket over which plaintiff tripped was not an ob-
> vious defect or common obstruction whose presence on the sidewalk should
> have been anticipated, and there was evidence that the flag bracket was
> behind the light pole and thus almost completely obstructed from plaintiff's
> view except for the cross-member over which he tripped.

APPEAL by defendant City of Charlotte from *Howell, Judge.*
Judgment entered 25 January 1977 in Superior Court, MECKLEN-
BURG County. Heard in the court of Appeals 10 February 1978.

Plaintiff instituted this action to recover for injuries sustain-
ed as a result of the alleged negligence of defendants acting
through their employees.

Defendants filed answer denying liability and setting out the
contributory negligence of plaintiff as an affirmative defense.

Plaintiff's evidence tended to show that on 13 May 1975,
plaintiff parked his car on South Tryon Street intending to walk
to a nearby restaurant. He got out of his car, walked behind it
and stepped onto the sidewalk. After taking one or two steps on
the sidewalk, plaintiff tripped and fell over a metal flag bracket
which had been placed against a light pole.

On the same date, M. A. Eastwood, a member of the
Charlotte Fire Department acting within the course and scope of
his employment for defendant City of Charlotte, was supervising
the installation of bicentennial flags on Tryon Street in prepara-
tion for the celebration of the 200th anniversary of the Mecklen-
burg Declaration of Independence. As part of this operation,
Eastwood distributed metal frames or "flag brackets" along the
street where bicentennial flags were to be displayed. These flag

brackets were leaned against the light pole until a crew came along to attach them to the poles.

On the morning in question, Eastwood leaned flag brackets against certain light poles on South Tryon Street and left before the brackets were attached. Each bracket consisted of three flag sockets attached to a one-inch wide piece of strap steel four feet in length. Two cross-members of the same material and width, one at each end, ran perpendicular to the central piece. Plaintiff's foot struck the lower horizontal cross-member causing him to fall and the bracket to fall on top of him. Plaintiff's ankle, leg and back were injured.

Plaintiff testified that he has no visual impairment, the weather was clear and there was nothing obstructing his view. He further testified that the bracket was freshly painted white and the sidewalk was dark gray.

Defendants presented no evidence.

The trial court allowed defendant County's motion for directed verdict, but denied the same as to defendant City. On the issue of defendant City's negligence, the jury answered affirmative; no contributory negligence on the part of plaintiff was found and judgment was entered for plaintiff. Defendant City appealed to this Court.

*Wardlow, Knox & Knox, by H. Edward Knox and John S. Freeman; Rose & Bosworth, by William S. Rose, Jr., for the plaintiff.*

*Jones, Hewson & Woolard, by Harry C. Hewson, for the City of Charlotte.*

MARTIN, Judge.

Defendant assigns as error the trial court's denial of its motions for a directed verdict and for judgment notwithstanding the verdict. Its sole contention with respect thereto is that plaintiff's evidence establishes his contributory negligence as a matter of law. We cannot agree.

In support of this contention, defendant cites and relies upon a series of "trip and fall" cases involving defects and obstructions on city sidewalks where the courts found the respective

plaintiffs contributorily negligent as a matter of law. *See Hedrick v. Akers*, 244 N.C. 274, 93 S.E. 2d 160 (1956); *Watkins v. Raleigh*, 214 N.C. 644, 200 S.E. 424 (1939); *Burns v. Charlotte*, 210 N.C. 48, 185 S.E. 443 (1936); *McClellan v. Concord*, 16 N.C. App. 136, 191 S.E. 2d 430 (1972). These cases stand generally for the proposition that a person is under a duty to discover and avoid defects and obstructions which are visible, obvious and discoverable in the exercise of due care. The underlying rationale of these decisions is that "obvious" defects such as cracks and holes in the pavement and "useful" obstructions such as fire hydrants and utility poles are common and normal obstacles which a person using the sidewalk is required to anticipate and look out for. *Hedrick v. Akers, supra,* and *McClellan v. Concord, supra.*

In the instant case, however, the flag bracket over which plaintiff tripped was not an obvious defect or common obstruction whose presence on the sidewalk should have been anticipated. Moreover, from the evidence presented, we cannot find as a matter of law that in the exercise of due care plaintiff should have seen the flag bracket.

It is well established that a directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence taken in the light most favorable to plaintiff establishes his negligence so clearly that *no other reasonable inference or conclusion may be drawn therefrom. Clark v. Bodycombe*, 289 N.C. 246, 221 S.E. 2d 506 (1976).

The testimony adduced at trial was unclear as to whether the flag bracket was between the light pole and the curb, or was placed against the light pole opposite the side from which plaintiff approached. Thus, taken in the light most favorable to plaintiff, the evidence supports the inference that the flag bracket was behind the light pole and hence, almost completely obstructed from plaintiff's view except for the cross-member over which plaintiff tripped. On this evidence, we cannot say that reasonable minds could conclude *only* that plaintiff should have seen the flag bracket. Therefore, the evidence does not establish contributory negligence as a matter of law and the case was properly submitted to the jury.

The trial court's denial of defendant City of Charlotte's motion for a directed verdict and for judgment notwithstanding the verdict is affirmed.

Affirmed.

Judges PARKER and ARNOLD concur.