An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-283

Filed 17 December 2025

New Hanover County, No. 23 CVS 001980-640

ANGELA MAY POWELL, Plaintiff,

v.

CITY OF WILMINGTON,
NORTH CAROLINA, Defendant.

Appeal by Plaintiff from order entered 26 November 2024 by Judge Augustus D. Willis IV in New Hanover County Superior Court. Heard in the Court of Appeals 10 September 2025.

>Girdwood & Williams, PLLC, by Benjamin D. Williams, for Plaintiff–Appellant.

>Sumrell Sugg, PA, by James H. Ferguson III, for Defendant–Appellee.

MURRY, Judge.

Angela M. Powell (Plaintiff) appeals the trial court's summary judgment for the City of Wilmington, N.C. (Defendant) on the question of whether it breached its duty owed to Plaintiff to maintain its sidewalks in proper condition. For the reasons below, this Court affirms the trial court.

## I.   Background

Through its Public Works Department, Defendant has maintained the Cross-City Trail on behalf of its citizens since at least May 2006. A contractor installed a crosswalk with a three-sectional "handicap ramp" (ADA mat) at a certain roadside intersection along the Trail. Initially designed to assist the blind with stepping down from the curb, the ADA mat formed a slight ramp between the sidewalk and the street. At an indeterminate point between its installation and Plaintiff's fall, the ADA mat's middle section separated above the curb by approximatively ½ inch. Plaintiff tripped and fell on this raised section during a training run on 8 March 2021, fracturing her right hip.

The parties adduced supporting evidence for their positions through various pretrial interrogatories, depositions, and affidavits. Plaintiff deposed multiple representatives of Defendant's Public Works Department, including Mr. Jeremiah Judson Carter, Jr., who helped to manage "any actual repairs to the multi[-]path" containing the ADA mat. Subsequent interrogatories confirmed that the Department "inspected and maintained" the Cross-City Trail "approximately every 21 days" as matter of official policy. They also noted one citizen complaint about the Trail unrelated to the ADA mat since its installation. Defendant, by contrast, provided GPS evidence that Plaintiff had run this same portion of the Trail at least 41 times in the year prior to her fall. She also admitted to her depth of experience with long-distance running that guided her on that day. Faced with this evidence and the parties' filings

to date, the trial court granted Defendant's motion for summary judgment in its favor on 20 November 2024. Plaintiff timely appealed that order.

## II.    Jurisdiction

This Court has jurisdiction to hear Plaintiff's appeal because the trial court's summary judgment for Defendant is a "final judgment of a superior court." N.C.G.S. § 7A-27(b)(1) (2025).

## III.    Analysis

On appeal, Plaintiff argues that the trial court erred by granting summary judgment for Defendant on several fronts. She asserts that Defendant lacks governmental immunity to suit, owes her a duty to maintain the ADA mat "in proper repair," and negligently failed to meet this duty. (Quoting N.C.G.S. § 160A-196(a)(1) (2025).) We review a summary judgment *de novo* for whether all pretrial discovery "fil[ings], together with the affidavits, if any, show . . . no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Butterfield v. Gray*, 279 N.C. App. 549, 553 (2021) (quoting N.C. R. Civ. P. 56(c)). As the movant here, Defendant "b[o]r[e] the burden of showing" either governmental immunity or the fulfillment of its duty owed to Plaintiff. *Id.* Because Defendant showed that it did not violate its duty to safely maintain the sidewalk, this Court affirms the trial court's summary judgment in its favor.

North Carolina municipalities act through either governmental or proprietary functions. *See Sisk v. City of Greensboro*, 183 N.C. App. 657, 659 (2007).

Governmental functions are those "discretionary, political, legislative, or [otherwise] public in nature" activities "p[er]formed for the public good"; proprietary functions are either "commercial or chiefly for the private advantage of the compact community." *Id.* (citing *Evans v. Hous. Auth. of Raleigh*, 359 N.C. 50, 54 (2004)). Governmental immunity is a "more limited" form of sovereign immunity that "covers only the acts of a municipality . . . committed" in the context of "its governmental functions." *Butterfield*, 279 N.C. App. at 553 n.3 (quoting *Evans*, 359 N.C. at 53).

The maintenance of public roadways is a classic example of this official function; however, the General Assembly has codified the common-law "safe-streets exception," *Sisk*, 183 N.C. App. at 659, by imposing on municipalities "dut[ies] to keep the public sidewalks in proper repair and free from unnecessary obstruction," N.C.G.S. § 160A-296(a)(1)–(2) (ellipses omitted).[1] A municipality violates this duty to its citizens only if (1) its "officers knew, or should have known from ordinary supervision," about (2) an "existent defect" in a sidewalk (3) that caused "an injury" (4) "reasonably anticipatable" by "the character of that defect." *McClellan v. City of Concord*, 16 N.C. App. 136, 138 (1972) (citation modified). A city is "not liable for injuries caused by "[t]rivial defects . . . not naturally dangerous" to its citizens

---

[1]   In its brief, Defendant argues that its Charter "shifts the duty of sidewalk maintenance away from the City" onto those property owners who abut the sidewalk in question. *See* Wilmington, N.C., Charter subpt. A, art. XIX, § 19.29(1), *codified by* Act of June 8, 1977, ch. 495, sec. 19.29(1), 1977 N.C. Sess. Laws 528, 569. We decline to further address the merits of this particular defense because neither Defendant nor the adjacent property owner would incur liability under these facts in any case.

because N.C.G.S. § 160A-296 does not require that city to "[e]nsure that the condition of its streets and sidewalks are at all times absolutely safe." *Desmond*, 142 N.C. App. at 592 (first alteration in original) (quoting *McClellan*, 16 N.C. App. at 109). Neither party contests Plaintiff's injuries resulting from the defective elevation here. Her lawsuit thus hinges on whether Defendant (or its officers) had at least constructive notice of the elevation that it could reasonably anticipate.

The ½ inch "change in sidewalk elevation" between the ADA mat and the abutting sidewalk is the sort of "trivial defect" that this Court routinely disregards on appeal. *Saad v. Town of Surf City*, 297 N.C. App. 127, 131 (2024), *petition for cert. withdrawn*, 915 S.E.2d 166 (N.C. 2025); *accord, e.g.*, *Murchison v. Wash. Terrace Apts, Inc.*, 245 N.C. 72 (1956) ("To elevate a sidewalk an inch or two above the street is almost universally done."). To be sure, our courts have occasionally found material questions of fact regarding *significant* sidewalk deviations. *E.g.*, *Webster v. City of Charlotte*, 222 N.C. 321, 901 (1942) ("four or five inches"); *Price v. City of Winston–Salem*, 141 N.C. App. 55, 56 (2000) ("5 ½ feet long, 1 ½ inches wide, and zero to ½ inch deep"), *aff'd by an equally divided court*, 354 N.C. 211 (2001).

But, even when viewed in a light most favorable to her, Plaintiff adduced little evidence to negate Defendant's non-liability. She regularly ran the Cross-City Trail over the previous year without incident. Defendant received a single, unrelated citizen complaint about the Trail in the five years prior to Plaintiff's fall, despite regular inspections roughly every three weeks over that same period. *See Desmond*,

142 N.C. App. at 593–94 (holding that city lacked "actual or constructive notice before plaintiff fell" because of "records [de]void of any complaints of defects in sidewalk" (ellipses omitted)). Absent additional evidence that Defendant's officers knew of the penny-sized elevation and did nothing, we see no reason to disturb the summary judgment for Defendant as a matter of law. Thus, this Court affirms the trial court.

## IV.  Conclusion

For the reasons discussed above, this Court affirms the trial court's summary judgment for Defendant against Plaintiff's claim of negligence.

AFFIRMED

Judges TYSON and GORE concur.

Report per Rule 30(e).